JUDGE HARDIN
delivered the opinion of the court.
This appeal seeks the reversal of a judgment rendered for the appellee for three hundred dollars, on a submission of the law and facts to the court.
The first inquiry is as to the sufficiency of the petition, a demurrer thereto having been overruled. The matter alleged as the cause of action was, that the defendant extorted and obtained three hundred and eight dollars and forty-five cents from the plaintiff without any consideration, and was therefore indebted to him in said sum. A written statement of the plaintiff was filed and referred to in the petition, setting forth, in substance, that he paid the money under a mistaken belief, induced by the defendant’s attorney, that he was liable therefor for failing to return an execution as sheriff, and it is insisted for the appellee that this writing must be regarded as a part of the petition. But although a pleading founded on a bill of particulars should be construed to relate to it, and to allege what may be reasonably inferred from the statement of the items of the account, so far as comprehended by the general averments of the pleading, this will not dispense with the necessity of such a- statement of facts in a petition as is necessary to constitute a valid cause of action according to the established rules of pleading; and the want of essential averments in the body of the petition can not be supplied by merely referring to another paper, though it be the foundation of the action. (Hill for use of Wintersmith v. Barret, 14 B. Mon. 83.)
It has been repeatedly held that while the forms of action which existed before the enactment of the Code of Practice are abolished, no material change has been effected in the law which determines what facts shall constitute a cause of action; they should still be stated with such certainty as to show a right in the plaintiff, an injury *534 to that right, and consequent damage. Testing the petition in this case by this fundamental rule, it is clearly insufficient. To allege an indebtedness for money extorted or obtained without consideration, is to state a legal conclusion merely from facts which may or not be sufficient to sustain it; but, not being specifically disclosed, can not be traversed by the defendants. It results that the court erred in overruling the demurrer, and the judgment must therefore be reversed; but on the return of the cause the plaintiff should be allowed to amend his petition.
"Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.