# KENTUCKY COURT OF APPEALS

POWERS AND WIFE *v.* TYLER, ET AL.

**Judgments—When Void.**
A proceeding to sell the lands of infants and married women must conform to the provisions of the Revised Statutes, and a judgment rendered in such a case is void when such provisions are not complied with.

**Pleading Mere Conclusions.**
A petition will be held insufficient where its allegation was that a judgment was void, and it does not aver the facts on which that mere legal conclusion was based. The facts relied on to render a judgment void must be pleaded.

**Exhibits.**
A pleading that is bad on its face cannot be helped out by an exhibit.

APPEAL FROM DAVIESS CIRCUIT COURT.

May 27, 1878.

OPINION BY JUDGE COFER:

The appellants alleged that Mrs. Powers was the owner of an interest of one-fifth in the several parcels of land described in the petition, and that the appellees were each in the possession of a separate parcel, claiming the same under a judgment and sale made in the case of Tyler v. Hawe's Heirs, and then in order to show that Mrs. Powers was not divested of her interest by the judgment and sale, they alleged that both were void.

The suit of Tyler v. Hawe's Heirs was a proceeding to sell the lands of infants and married women, and should have conformed to the provisions of the Revised Statutes. Such judgments are void unless certain requirements of the statute were complied with, and it is insisted in argument that the judgment, under which it was alleged that the appellees were holding, was void for two or three reasons.

But the allegation in the petition was that the judgment was void, without attempting to state the facts on which that mere legal con-

I

clusion was based. The court in which the judgment was rendered is a court of general jurisdiction. It had exclusive jurisdiction of such causes as that of Tyler v. Hawe's Heirs; and having jurisdiction of the subject-matter, it must be presumed that all was done that was necessary to authorize it to pronounce the judgment rendered, until the contrary be made to appear.

It was, therefore, necessary to state in the petition the facts relied on to render the judgment void. The principal fact relied upon in argument is that Mrs. Powers, then an infant, was not a party to the action, and it should have been so alleged. It is true the record of the old suit was made a part of the petition, and that it appears from that record that Mrs. Powers was not a party. But upon a well settled rule of pleading, a petition bad on its face cannot be helped out by an exhibit. *Rowan's Ex'r v. Pope's Adm'r,* 14 B. Mon. 102; *Murphy v. Estes,* 6 Bush 532.

If the exhibit had not been produced upon the trial of the cause, the court must have presumed that it was such as to authorize the judgment. Hence we are of the opinion that the petition was insufficient, and the judgment must, for that reason, be *affirmed;* and this conclusion renders any discussion of other questions made in argument unnecessary.

*G. W. Williams, for appellants.*

*C. Riley, W. N. Sweeney, for appellees.*