### GREAT SOUTHERN GAS & OIL CO. v. LOGAN NATURAL GAS & FUEL CO.

(Circuit Court of Appeals, Sixth Circuit. May 25, 1907.)

No. 1,612.

CONFUSION OF GOODS—DAMAGES—ACCOUNTING FOR TRESPASS—MINGLING OF GOODS.

Defendant wrongfully entered upon land on which complainant held a valid oil and gas lease, and drilled a well from which it continued to take and market gas pending suit by complainant to establish its rights. Defendant conducted the gas into a pipe line in which gas from 60 wells was mingled, taking no measures to determine the quantity or value of the gas so wrongfully taken. Held, that on an accounting therefor, conceding that defendant's claim of right was made in good faith, it was bound to fully compensate complainant for its loss, and that in ascertaining such compensation every reasonable doubt should be resolved against it; that under the evidence and the peculiar circumstances of the case complainant was entitled to recover one-sixtieth part of the amount realized by defendant from the entire product of the 60 wells.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Confusion of Goods, § 15.]

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

F. A. Durban and Wm. B. Sanders, for appellant.
G. E. Shaw and C. H. Grosvenor, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

PER CURIAM. This case was here upon the questions arising over conflicting leases of the oil and gas rights in the same land. The facts are fully stated in our former opinion. 126 Fed. 623, 61 C. C. A. 359. Shortly after the litigation began defendants struck gas, and they continued to take and market the gas until the well was exhausted.

The court below referred the case to a special master for an accounting as to the value of the gas.   It appeared that the gas from the well was conducted to a pipe line, together with the gas from some 60 wells owned by the defendant, and that no serious effort was made to measure the contribution of this well to the pipe line.   Upon the theory of confusion of goods by a trespasser, the master charged the defendant with the gross receipts for the entire product of its 60 wells aggregating over $1,000,000.   Upon exceptions this report was set aside, and the value of the gas fixed by the Circuit Judge at $10,000, that being the estimated market value of a gas well of the approximate productiveness of this well in the Sugar Grove field.   The plaintiff. assigned error to this decree.   That it was a trespasser ab initio must be now conceded.   That it continued to use this gas during the litigation which denied its title, and that it did this taking no care to determine the amount of the gas or its value thus wrongfully taken, must be also conceded.   Conceding that it was a good faith claimant and that the litigation was not flimsy, but bona fide, it nevertheless remains that it must fully compensate the plaintiff.   Powers v. U. S., 119 Fed. 562, 56 C. C. A. 128; Jegon v. Vivian, L. R. 6 Ch. App. 742, 761; Whitney v. Huntington, 37 Minn. 197, 33 N. W. 561; Ross v. Scott, 15 Lea (Tenn.) 479.   Having taken no step by which it can account for the property of plaintiff, it must submit to every inconvenience in ascertaining that compensation and all reasonable doubts which arise in that accounting.   Wetherbee v. Green, 22 Mich. 311, 7 Am. Rep. 653.   The reasonable market value of a gas well does not, under the peculiar circumstances, compensate plaintiff.   That would be to give it only the value of the gas in the ground.   That might be adequate but for the fact that plaintiff had its own pipe line, and could therefore market gas from this well with little addition to the cost of conducting its business.   .

This well is also shown to have been a larger producer than the average well in this field.   It also appears that all of the wells contributing to defendants' pipe line did not contribute during the entire life of this well, and, further, that the appellant was obliged to buy gas of appellee to meet its own requirements.   In view of all of the facts, we conclude that an aliquot part of the gross product of 60 wells will not be an unjust compensation.   Cooley on Torts, 53; Sutherland on Damages, § 101; Moore v. Bowmen, 47 N. H. 494, 500.   The gross product was marketed for $1,003,813.   One-sixtieth part of this is $16,730.21.   The decree will be therefore modified so as to fix the damages at that sum, with interest from the date of our former decree affirming the decree of the Circuit Court, and costs.