BACKER v. PENN LUBRICATING CO.

(Circuit Court of Appeals, Sixth Circuit. June 18, 1908.)

No. 1,776.

1. MINES AND MINERALS—CONSTRUCTION OF OIL LEASE—TITLE TO OIL IN PLACE.

An oil lease in ordinary form, giving the lessee the exclusive right to explore for produce and sell oil from the land on payment of a royalty, does not vest him with title to the oil in place.

2. SAME—RIGHTS OF LESSEE.

Such a lessee, however, has a right of action for damages against one who invades his exclusive right by going upon the land during the term of his lease without his consent and drilling wells and removing and selling oil therefrom.

3. PLEADING—SUFFICIENCY OF PETITION—GENERAL DEMURRER UNDER KENTUCKY CODE.

Under Civ. Code Prac. Ky. §§ 2, 4, which abolish forms of action, and section 93, which defines a general "demurrer" as "an objection to a pleading because it does not state facts sufficient to constitute a cause of action or a defense," a petition which shows a right of recovery in plaintiff in some form of action and contains a prayer for general relief is not subject to a general demurrer, because it is based upon an erroneous theory as to his rights and measure of damages and does not entitle him to the specific relief prayed for.

4. TRESPASS—ACTIONS—DEFENSES.

In an action by an oil lessee for damages against one who entered upon and took oil from the leased premises, an answer, alleging that defendant's entry was peaceable and made in good faith under a lease which defendant believed to be valid, is not subject to a general demurrer, since such good faith may at least affect the extent of defendant's liability for damages.

In Error to the Circuit Court of the United States for the Eastern District of Kentucky.

E. Heim, for plaintiff in error.

O. H. Waddle, for defendant in error.

Before LURTON and RICHARDS, Circuit Judges, and KNAPPEN, District Judge.

KNAPPEN, District Judge. By this proceeding a review is sought of the action of the court below in dismissing the petition of plaintiff (appellant here), filed under the Kentucky Code of Civil Procedure as statement of plaintiff's cause of action, and in not sustaining demurrer to defendant's answer and counterclaim.

Plaintiff's petition alleged that one Duncan and wife, on November 11, 1902, gave to plaintiff an "oil lease" upon certain described lands in Wayne county, Ky., by the express provisions of which plaintiff was granted the exclusive right to operate or drill thereon for petroleum, gas, and other minerals for a term of 20 years, and so much longer as such products could be produced in paying quantities, upon payment to Duncan of 10 per cent. of the petroleum extracted and $25 for each gas well (in case oil should be found in paying quantities); plaintiff agreeing to drill a well within six months from the making of the lease, or in lieu thereof to pay Duncan $50 a year un-

til work should be commenced. The petition alleged that plaintiff thereby acquired a leasehold estate in the land, by virtue of which he had the sole and exclusive right: (a) To enter upon, explore, and develop the land for oil, gas, and other minerals; (b) to drill wells for oil and gas; (c) "to the oil in and under said tract of land"; (d) to extract and market the oil and gas therefrom; (e) to run the oil that might be found or that should be under the land; and (f) to sell and dispose of all the oil in and under the tract, excepting the one-tenth to be paid to Duncan by way of royalty. The petition further alleged that plaintiff lawfully entered under the lease for the purpose of exploring and developing for oil, gas, and other minerals, and that after such entry defendant, with full knowledge of plaintiff's lease and of the latter's rights thereunder, forcibly and wrongfully, and against the will and over the protest both of plaintiff and of Duncan, entered upon the land, erected derricks, and drilled for oil thereon, and extracted therefrom and converted to its own use upwards of 10,000 barrels of petroleum. The petition alleges that the oil so taken by defendant (over and above the one-tenth royalty belonging to Duncan) "belonged to and was the property and oil of this plaintiff," and prayed judgment for the value of the oil so converted, and for "general, special, necessary, and proper relief."

The answer alleged: That in 1895 Duncan and wife gave to one Williams an oil lease for 20 years, or as long as oil, gas, or minerals could be obtained in paying quantities, upon the entire of the lands in question (and other lands) upon payment of royalty; that in the year 1896, and within the time limited therefor by the lease, Williams drilled a well, which proved unproductive; that in the year 1902 defendant, who had meanwhile become the owner of Williams' rights, re-entered and continued the drilling of wells with the knowledge and consent of Duncan, but, failing to find oil in paying quantities, temporarily left, with the intention, known to Duncan, of returning and continuing the development; that during defendant's temporary absence plaintiff obtained his lease, with knowledge of defendant's prior lease and the developments under it, and of defendant's intention to continue such development, and for the purpose of circumventing defendant; that the latter, in pursuance of its original intention, re-entered peaceably in 1903, and from that date until 1905 drilled the wells and produced the oil referred to in plaintiff's petition, in the good-faith belief that it had an exclusive prior and superior right as against plaintiff; that plaintiff made no entry at least until after defendant's entry in 1903; that to prevent plaintiff from forcibly excluding defendant from the premises and from himself forcibly drilling wells and producing the oil therefrom, defendant, by suit in the state circuit court against plaintiff herein, obtained judgment that defendant had a right superior to plaintiff's in the development and exploitation of the premises under its lease, and perpetually restraining plaintiff herein from entering upon the premises for the purpose of drilling or mining for oil, gas, or other minerals; that the Kentucky Court of Appeals reversed the judgment of the Circuit Court, holding that defendant herein had abandoned its right to operate under its lease; that the circuit court refused to delay restitution of the premises until an ac-

counting could be had of profits and improvements made under defendant's occupancy; that an appeal from said refusal was then pending in the Kentucky Court of Appeals and undetermined, such pendency being urged in abatement of plaintiff's suit; that, when defendant surrendered possession under the judgment of the Kentucky state court, it left thereon six producing oil wells, which had cost defendant, and which enhanced the value of the premises, more than the value of the oil produced by defendant therefrom; that the plaintiff took possession and had the benefit of all these improvements, thereby escaping the risk and expense of development, and thereby obtaining a profit greater than the value of the oil obtained by defendant, which production cost the latter more than its value; and that all defendant's acts complained of were done in the good-faith belief of its rightful conduct. The answer denied that the plaintiff was the owner of the oil in question, and denied the latter's right to recovery therefor. Defendant asked judgment on its counterclaim for the value of the improvements made by it, in excess of the value of the oil taken.

The plaintiff interposed a demurrer "that said answer and counterclaim does not state facts sufficient to constitute or to support a good defense or counterclaim to plaintiff's cause of action." The court carried the demurrer back to the plaintiff's petition, held that the latter did not state a cause of action, and, on plaintiff's declining to amend, entered judgment dismissing the petition with costs. The sufficiency of the answer and counterclaim was not considered.

The decision of the court below was based upon the proposition that under the lease in question title to the oil in place was not in the plaintiff; and although the court stated its opinion that to the extent plaintiff was damaged by being deprived of the right to explore for, find, and take the oil, he was entitled to recover of defendant, yet that, plaintiff's cause of action being predicated upon an erroneous theory as to the ownership of the oil in place, recovery could not be had upon that or any other theory or basis. The law seems to be settled that, under a lease of the nature here in question, title to the oil in place is not in the lessee. Steelsmith v. Gartlan, 45 W. Va. 27, 34, 29 S. E. 978, 44 L. R. A. 107; Oil Co. v. Fretts, 152 Pa. 451, 25 Atl. 732; Plummer v. Iron Co., 160 Pa. 483, 28 Atl. 853; Huggins v. Daley, 99 Fed. 606, 40 C. C. A. 12, 48 L. R. A. 320; Tennessee Oil, Gas & Mineral Co. v. Brown, 131 Fed. 696, 65 C. C. A. 524. We content ourselves with citing these few authorities, and refrain from further discussing the proposition, for the reason that plaintiff's counsel concedes in this court that the title to the oil in place was not in the plaintiff.

But does it follow from this that the petition should be dismissed? It is not seriously denied that under the facts stated in the petition the plaintiff's rights under his lease are shown to have been violated. Plaintiff had, at the least, the sole right during the leasehold term, subject to the limitations relating thereto, to explore for oil and to take it when he should find it, yielding to the lessor one-tenth thereof as royalty. The petition clearly alleges an invasion of this right, and it is clear that such invasion gives a right of action of some kind for damages suffered by the lessee, whether such invasion is the act of

the lessor or of another lessee. Haven & Chase Oil Co. v. Jordan, 13 Ky. Law Rep. 878; Breyfogle v. Woods, 15 Ky. Law Rep. 782; Logan Natural Gas & Fuel Co. v. Gt. Southern Gas & Oil Co., 126 Fed. 623, 61 C. C. A. 359; Gt. Southern Gas & Oil Co. v. Logan Natural Gas & Fuel Co. (C. C. A.) 155 Fed. 114. Here again we refrain from an extended citation of authorities because the proposition seems so obvious, and is practically conceded.

Unless therefore the court below was right in holding that the plaintiff could not recover upon any theory of his legal rights except that stated in his petition, viz., his ownership of the oil in place, the case was improperly dismissed. Were this pleading to be tested by the rules of common-law pleading, it may be conceded that it would have been subject to demurrer; but the rules of common-law pleading do not obtain in Kentucky, and the sufficiency of this pleading must be tested by the provisions of the Kentucky Code of Civil Practice. In so testing, it should be premised that, for the purposes of this review, the sufficiency of the petition must be judged by its liability to general demurrer, as the petition was not directly demurred to, and the demurrer by which it has been tested is a general demurrer to the answer and counterclaim.

Section 92 of the Kentucky Civil Code of Practice provides that:

"A special demurrer is an objection to a pleading which shows—(1) that the. court has no jurisdiction of the defendant, or of the subject of the action; or (2) that the plaintiff has no legal capacity to sue; or (3) that another action is pending, in this state, between the same parties, for the same cause; or, (4) that there is a defect of parties, plaintiff or defendant."

Section 93 provides that:

"A general demurrer is an objection to a pleading, because it does not state facts sufficient to constitute a cause of action or a defense; or, because it does not state facts sufficient to support a cause of action or a defense."

The demurrer under consideration is clearly a general demurrer, and, as the petition states a cause of action of some kind, it is not subject to general demurrer unless plaintiff has misconceived his form of action, or unless he is limited to the alleged erroneous measure of damages stated in the petition.

By sections 2 and 4 of the Kentucky Code forms of actions at law are abolished; it being provided that:

"There shall be but one form of action."

It is therefore unnecessary to define the particular form of the action, whether trespass, trover, assumpsit, or otherwise, for it is well settled that the Code, by reducing the forms of action to one, changes the specific question whether the facts stated show a cause of action in trespass or assumpsit, or any other particular form, into the general question whether the petition shows a right of action in any form, by showing a right in the plaintiff and an injury to that right by the defendant. Hill v. Barrett, 14 B. Mon. (Ky.) 67; Murphy v. Estes, 6 Bush (Ky.) 532; Richmond, etc., Turnpike Co. v. Rogers, 7 Bush (Ky.) 532. It is true that the authorities cited lay down the rule that the Code does not change the law which determined what facts constitute a cause of action, nor does it authorize a recovery upon, a

statement of facts which before its adoption had not authorized a recovery in some form of action, and that therefore former precedents, rules, and adjudications may be resorted to as authoritative, except so far as they relate to distinctions between the different forms of actions or to formal and merely technical allegations. But we find nothing in this proposition to sustain the contention that plaintiff is to be denied recovery for the sole reason that he has misconceived the legal basis of defendant's liability. It is clear, to our minds, that the petition cannot be dismissed because the pleader took an erroneous view of the legal effect of the lease.

Section 90 of the Code of Practice provides that the petition must demand the specific relief to which the plaintiff considers himself entitled, and that it "may contain a general prayer for any other relief to which the plaintiff may appear to be entitled." The petition in question demands not only the value of the oil, but "general, special, necessary, and proper relief" We content ourselves with holding that the petition states a cause of action at common law, and so is not subject to general demurrer.

As to the answer and counterclaim:

By this pleading defendant denies an entry by plaintiff prior to defendant's entry, and denies the alleged forcible nature of the latter's entry. This allegation is not, to our minds, overthrown by the reference to the decision of the Kentucky Court of Appeals to the effect that the defendant could not maintain its suit because of the prior abandonment of its leasehold rights. The answer also alleges that the oil in question was taken in good faith, and contends that for this reason defendant is not liable to pay the value of the oil at the surface, but that it should be credited with the reasonable expense of producing the oil, or that the plaintiff should be charged as against mesne profits with the value to which the improvements made by defendant have enhanced the value of plaintiff's leasehold.

We pass by, as not necessary for decision at this time, the question of defendant's right to specifically offset the value of improvements against the value of the oil taken. This question, it seems to us, must depend upon the applicability, to a suit for the invasion of leasehold rights of the nature here involved, of the Kentucky statute relating to mesne profits and improvements, in actions for the recovery of real property, and this question is not discussed in the briefs of counsel. In so saying, we must not be understood as intimating that recovery can be had for improvements made with knowledge of the adverse claim.

But the question of defendant's good faith is certainly material in any aspect. The rule is well established that the ultimate measure of recovery against a trespasser, whether the subject of the taking be timber or minerals, must be determined largely upon the question of the good or bad faith of the taking Durant Mining Co. v. Percy Con. Mining Co., 93 Fed. 166, 35 C. C. A. 252; Woodenware Co. v. United States, 106 U. S. 432, 1 Sup. Ct. 398, 27 L. Ed. 230; Pine River Logging Co. v. United States, 186 U. S. 279, 293, 22 Sup. Ct. 920, 46 L. Ed. 1164; Resurrection Gold Min. Co. v. Fortune Gold Min. Co., 129 Fed. 668, 64 C. C. A. 180; Benson Mining Co. v. Alta

Mining Co., 145 U. S. 428, 434, 12 Sup. Ct. 877, 36 L. Ed. 762; Winchester v. Craig, 33 Mich. 205. Good faith, under this rule, is not necessarily dependent upon ignorance of an adverse claim, and the answer alleges good faith in the taking. It would seem from the answer to be not improbable that defendant's good faith may become an important factor in determining at least the extent of its liability, and a general demurrer to an answer is properly overruled if any portion of it presents a defense to the plaintiff's claim in whole or in part. United Society of Shakers v. Underwood, 11 Bush (Ky.) 265, 269, 21 Am. Rep. 214.

The judgment dismissing the petition is reversed, with directions to overrule the demurrer, both as affecting the petition and as relating to the answer and counterclaim.

NOTE.—The following is the opinion of Cochran, District Judge, on the demurrer:

COCHRAN, District Judge. This cause is submitted on demurrer to the answer and counterclaim. The defendant, on the consideration of the demurrer, raises the question as to the sufficiency of the petition, and, as I am of the opinion that the petition is not good, it is not necessary to consider the sufficiency of the answer and counterclaim. The theory of the petition is that the plaintiff was the owner of the oil which the defendant found and took from the premises covered by his lease, and it is on this basis that he seeks relief. He cannot recover upon any other theory or basis. It is well settled that the sole right conferred upon a lessee under a lease similar to plaintiff's is to explore for oil and to take it when he finds it, yielding to the lessor his one-eighth part thereof. This being so, the lessee acquired no title to the oil in the ground covered by his lease until he finds and takes it. This was so decided in the cases of Steelsmith v. Gartlan, 45 W. Va. 27, 29 S. E. 978, 44 L. R. A. 107, and Huggins v. Daley, 99 Fed. 606, 40 C. C. A. 12, 48 L. R. A. 320, cited by defendant's counsel. It has even been held that, if the lessee has sunk his well and found the oil, he has no title therein until he takes it. In the case of Carter v. County Court of Tyler County, 45 W. Va. 806, 32 S. E. 216, 43 L. R. A. 725, it was held that in such a case the lessee could not be assessed for taxation with the prospective production of the well as personal property. Judge English said: "One of the main features of the contract embodied in these leases is that the lessee shall put down the wells and bring the oil to the surface, and when thus produced the landlord is to have one-eighth as rent or royalty and the lessee seven-eighths. While the oil remains in the cavities of the rocks in situ, this court has held in Wilson v. Youst, 43 W. Va. 826, 28 S. E. 781, 39 L. R. A. 292, and Williamson v. Jones, 39 W. Va. 231, 19 S. E. 436, 25 L. R. A. 222, that it is a part of the realty. The lessee may drill the well to the sand or rock in which the oil is contained, but the oil does not change its character from realty to personalty, or any portion of its ownership, until it is brought to the surface and then seven-eighths of it becomes the property of the lessee." The cases of Steelsmith v. Gartland and Huggins v. Daley were cited with approval in the case of Tennessee Oil, Gas & Min. Co. v. Brown, 131 Fed. 696, 65 C. C. A. 524, a decision of the Sixth Circuit Court of Appeals, and it was there held that the lessee in such a lease as this, covering both oil and coal, had no title, not only to the oil, but also to the coal, and that though the lease had words of present conveyance. As, then, the defendant found and took no oil which belonged to the plaintiff, he cannot recover of him on the theory and basis that he did. What defendant did that was a wrong to plaintiff was during the time of plaintiff's disseisin to deprive him of the right to explore for, to find, and to take this oil; and to the extent that he was damaged by this deprivation he is entitled to recover of defendant. But we have no such case here.

The demurrer, therefore, will be carried back to the petition, and it adjudged not to state a good cause of action against defendant.