## UNITED STATES v. ONE DODGE SEDAN.

### No. 9370.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 20, 1947.

Decided Dec. 11, 1947.

---

Edward A. Kallick, of Philadelphia, Pa., for appellant.

Daniel M. Rendine, of Philadelphia, Pa., for appellee.

Before BIGGS, GOODRICH, and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge.

This appeal concerns a libel of information filed against an automobile allegedly used in the removal, concealment or deposit of a quantity of wine on which the tax had not been paid, with intent to defraud the United States of such tax in violation of Section 3321 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3321, R.S. Sec. 3450. Under the statute, forfeiture of the vehicle was sought. The court dismissed the libel and the government appeals.

■ It is conceded that the tax claimed to be due is trifling. Eight gallons of homemade wine are involved. The driver of the car in question was acquitted in the companion criminal case. In this proceeding the owner of the vehicle is the claimant. Admittedly, intent to defraud the United States of the tax must be established to work a forfeiture under Section 3321. The District Judge found that this had not been proven by a preponderance of the evidence. The issue was strongly contested. The testimony in connection therewith was in serious conflict. There is ample support in the record to justify the decision of the lower court.

■ A collateral point, however, arises in connection with the disposition of the case by the District Court which while not affecting the judgment below is of some importance in properly construing Section 3321. The section reads:

"§ 3321. Removal or concealment with intent to defraud the revenue

"(a) Penalty. Every person who *removes, deposits, or conceals,* or is concerned *in removing, depositing, or concealing* any goods or commodities for or in respect whereof any tax is or shall be imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine of not more than $5,000 or be imprisoned for not more than 3 years, or both.

"(b) Forfeiture

"(1) Goods. Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities *are removed, or are deposited or concealed in any place,* with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited.

"(2) Packages. In every such case all the casks, vessels, cases, or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, shall be forfeited.

"(3) Conveyances. Every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used *in the removal or for the deposit or concealment* thereof, respectively, shall be forfeited." (Emphasis added.)

In discussing the statute, the District Judge said that "The word 'remove' is used in context which indicates concealment." The government suggests this might be interpreted to mean that "remove" and "deposit" and their equivalents, under that language become so much surplusage or at most merely descriptive of subservient actions revolving around the controlling action of "concealment." Though it is at least doubtful that such meaning was ever intended, nevertheless, since there is some possibility of that inference being drawn

952

from the particular sentence, the matter is of sufficient importance for us to emphasize that we consider the purpose of the law to be clear.

In the penalty clause "removes, deposits, or conceals" are set out disjunctively and each of the specified actions is obviously independent of the others. The same deliberate thought is carried out in the next mention of the designated offenses which is contained in the forfeiture of goods paragraph and reads, "are removed, or are deposited or concealed." The third reference is found in the forfeiture of conveyances part of the section which is applicable to the instant situation. This again points up the separate crimes punished by 3321, saying, "used in the removal or for the deposit or concealment thereof."

Section 3321 was under the scrutiny of the United States Supreme Court in United States v. One Ford Coupe Automobile, 272 U.S. 321, 47 S.Ct. 154, 157, 71 L.Ed. 279, 47 A.L.R. 1025. In that case the libel charged that the automobile was being used to deposit or conceal. The claimant contended that forfeiture would not lie unless the vehicle was being used to remove the tax-unpaid article from the place where the tax was required to be paid. The Court refused "to determine the exact scope, in this connection, of the term 'remove'" because the libel made no reference to removal and charged only that the automobile was being used to deposit or conceal. The Court said, 272 U.S. page 329, 47 S.Ct. at page 157, 71 L.Ed. 279, 47 A.L.R. 1025, "Nor does the language of Section 3450 [Section 3321 of the Code], or its history, indicate that Congress intended to limit the proceeding under that section to cases where the vehicle was used for deposit or concealment as part of the illegal act of removal, * * *."

It follows, we think, that Section 3321 definitely contemplates that every person who either removes, or deposits, or conceals or who is concerned in either removing, or depositing, or concealing any tax-unpaid goods with intent to defraud the United States of such tax or any part thereof, is guilty of the statutory offense; that removing, depositing and concealing are each of them distinct violations of the sec-

tion and punishable as such. Any other attempted explanation of the critical phrase would be strained and unrealistic and in this type of case would as urged put the government to a degree of proof beyond the purview of the statute.

The judgment will be affirmed.