**UNITED STATES v. AMERICAN PACK-
ING CORP. et al.**

Civ. A. No. 132–52.

United States District Court
D. New Jersey.

May 29, 1953.

Grover C. Richman, Jr., U. S. Atty., Roger M. Yancey, Asst. U. S. Atty., Newark, N. J., William M. Lytle, Sp. Asst. to the Atty. Gen., for plaintiff.

Hudspeth & Harris, by Harry Harris, Jersey City, N. J., for defendant William Schwartz.

MEANEY, District Judge.

This is an action for the recovery of statutory forfeitures and double damages pursuant to sections 3490 and 5438 of the Revised Statutes, 31 U.S.C.A. §§ 231–233. Subsequent to the filing of the complaint, an amended complaint was filed. Answers thereto have been filed by the defendants.

The Government now moves, pursuant to Fed.Rules Civ.Proc. rule 56 (a, c), 28 U.S.C.A. for entry of summary judgment on the issue of liability against defendants, American Packing Corporation, William Schwartz, Samuel Goldberger, Emanuel Kohn and Adolph Kaplan. The motion is based on the entry of pleas of guilty by the above-named defendants to count one of criminal indictment number 114–51. Said count alleged the existence of a conspiracy on the part of the instant defendants and others known and unknown " * * * to commit offenses against the United States; to wit, to violate section 80, Title 18, U.S.C. (1946 Ed.), and section 1001, Title 18 U.S.C., and to defraud the United States by depriving it of its money and property, by corrupting and deceiving its officers and employees assigned to make inspections at the plant of the said corporation, by depriving it of the honest and efficient services of certain of its officers and employees, and by circumventing, defeating and frustrating the safeguards and inspection processes established by the Department of the Army for its protection in the purchase of meat products." Count one then proceeds to describe the conspiracy in some detail, alleges various overt acts and concludes with an allegation that the acts of the defendants were "In violation of the provisions of section 88, Title 18 U.S.C. (1946 Ed.) and section 371, Title 18 U.S.C."

The amended complaint alleges violations of sections 3490 and 5438 of the Revised Statutes, 31 U.S.C.A. §§ 231–233. Section 231 provides for liability for six classes of actors. The last three are not alleged in the complaint and no further reference will be made thereto. Clause one speaks of persons making or presenting claims, knowing said claims to be false. The second clause refers to those using false certificates for the purpose of obtaining or aiding to obtain payment of a false claim, while the final clause of materiality here, clause three, treats of those conspiring to defraud the United States by obtaining or aiding to obtain the payment of a false claim.

The amended complaint contains one hundred thirty-two paragraphs comprising ninety-nine counts. In particular it alleges violations of the above-mentioned three classes of acts. (See paragraphs 16, 17 and 18 of count one of the amended complaint.) These allegations are expressly made a part of counts two through ninety-six of said amended complaint. Paragraphs 123, 124 and 125 of count ninety-seven also contain allegations of violations of the three classes of acts above referred to. Counts ninety-eight and ninety-nine incorporate by reference the allegations of paragraphs 16, 17 and 18. Thus the three classes of acts appear throughout the amended complaint and form the basis for recovery on every count.

As previously stated, the defendants entered pleas of guilty to a charge of conspiring to defraud the United States by violating 18 U.S.C.A. § 80 (1946 Ed.) and 18 U.S.C.A. § 1001. The former section deals with the substantive offense of presenting false claims or the commission of certain enumerated acts for the purpose of obtaining payment of such claims, and the latter relates to persons who knowingly and wilfully make false statements in any matter within the jurisdiction of any agency or department of the United States. The words of the statute (see sec. 80) and the "form and substance of the conspiracy", as shown in the indictment, reveal that the conspiracy was a conspiracy to present false claims for payment.

■■■ The question thus is posed as to what is the effect of a plea of guilty to a conspiracy count of an indictment. Generally, a plea of guilty admits all material allegations contained in the count of the indictment to which it was directed. See Hawley v. Hunter, 10 Cir., 1947, 161 F.2d 825; Bugg v. Hudspeth, 10 Cir., 1940, 113 F.2d 260; 22 C.J.S., Criminal Law, § 424. Thus in the instant case the existence of the conspiracy as charged is admitted, as well as participation therein by the defendants so pleading. See Bergen v. United States, 8 Cir., 1944, 145 F.2d 181. In addition the commission of an overt act by the named defendant or by one of his co-defendants is admitted. Said overt act may be one charged in the indictment, or it may merely be any overt act which has as its purpose the effectuation of the objects of the conspiracy. See Bergen case, above.

But the indictment charging conspiracy to defraud the United States contains in the first count a description of the "form and substance of the conspiracy" and also a recital of certain acts alleged to have been done by the defendants in the course of the conspiracy, and as part thereof. There arises therefore the further question as to whether the plea of guilty to count one of the indictment constitutes a judicial admission of all of the facts set forth in the said recital and of all of the overt acts alleged to have been done in furtherance of the conspiracy so as to constitute them res adjudicata.

■■■ It is the opinion of this court that the plea of guilty to the charge of conspiracy must be confined to the judicial admission that the defendants engaged in a conspiracy to defraud the United States by violating the provisions of 18 U.S.C.A. § 80 (1946 Ed.) and 18 U.S.C.A. § 1001. In matters affecting criminality, not only statutes but also pleas of guilty must be construed strictly and must be limited to the narrowest confines consistent with an intelligent interpretation of the effect thereof. With this in mind the court concludes that a plea of guilty to a charge of conspiracy does not include a judicial admission of responsibility for the acts set forth in the recital of deeds done "as part of the conspiracy", but establishes an evidential admission which may be used as such in other proceedings. The specifications of illegitimate activities appended to the bald charge of conspiracy may be considered in the nature of a bill of particulars, advising the accused of the acts upon which the Government bases its denunciation.

That such limitation of the effect of the plea is valid may be deduced from the fact that the acts set forth in the expository part of the indictment may be the ground for indictment for the substantive derelictions therein set forth. It does not seem tenable that an admission of guilt with respect to a comprehensive indictment for conspiracy would estop the persons so pleading from entering a defense to charges of substantive offenses recited in the conspiracy indictment.

■■■ In each individual count there is an allegation that the defendants or some of them conspired to defraud the Government. It is patent that though the object of the conspiracy as set forth in each count seems to relate to the contract referred to in that count, nevertheless there was in reality only one inclusive conspiracy and not ninety-nine separate and distinct combinations. But though the defendants pleaded guilty to the general conspiracy, nevertheless the burden is on the Government to prove that the specific transac-

tions affecting each contract were the fruitful result of the said combination. There is evidential admission in the plea of guilty to the conspiracy charge which affected all contracts from April 1, 1947 to July 6, 1949 (though actually the Government in its civil suits confines its claims to contracts fulfilled between April 1, 1948 and January 31, 1949) including those referred to in counts one to ninety-nine. If the additional proof adduced be sufficiently compelling, then in determining the damage resulting from the conspiracy, the sum total of all the improper material furnished in fulfilling the contracts may be used in measuring the amount of loss to the Government, rather than any individual indications of inferior material furnished (losses suffered by the Government) in each contract, since the damage flowed from one and not ninety-nine conspiracies. This is in conformity with the established principle that where a defendant by his own wrong has prevented a more precise computation of damages, just and reasonable estimates of these damages based on relevant data may be used.

"The most elementary conceptions of justice and public policy require that the wrongdoer shall bear the risk of the uncertainty which his own wrong has created. * * * and in cases of confusion of goods, Great Southern Gas & Oil Co. v. Logan Natural Gas & Fuel Co., 6 Cir., 155 F. 114, 115; cf. F. W. Woolworth Co. v. N. L. R. B., 2 Cir., 121 F.2d 658, 663, the wrongdoer may not object to the plaintiff's reasonable estimate of the cause of injury and of its amount, supported by the evidence, because not based on more accurate data which the wrongdoer's misconduct has rendered unavailable. * * *

▆ " 'The constant tendency of the courts is to find some way in which damages can be awarded where a wrong has been done. Difficulty of ascertainment is no longer confused with right of recovery' for a proven invasion of the plaintiff's rights. Story Parchment Co. v. Paterson Parchment Paper Co., 1931, 282 U.S. [555], 565, 51 S.Ct. [248], 251, 75 L.Ed. 544 and see, also, Palmer v. Connecticut R. [& Lighting] Co., 311 U.S. 544, 559, 61

S.Ct. 379, 384, 85 L.Ed. 336, and cases cited." Stone, C. J., in Bigelow v. RKO Radio Pictures, 1946, 327 U.S. 251, 265, 66 S.Ct. 574, 580, 90 L.Ed. 652. See, also, Sheldon v. Metro-Goldwyn Pictures Corp., 1940, 309 U.S. 390, 60 S.Ct. 681, 84 L.Ed. 825; Eastman Kodak Co. v. Southern Photo Co., 1927, 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684.

▆ It would seem, therefore, that on the strength of the plea alone the Government would not be entitled to summary judgment as to liability.

▆ In so far as the forfeitures are concerned, they may be assessed if in each individual count the Government properly proves defendants have violated any or all of the three classes of infractions of 31 U.S.C.A. § 231, as set forth in the complaint. See United States v. Rohleder, 3 Cir., 1946, 157 F.2d 126.

For the reasons herein set forth, the motion of the Government is denied except in so far as it affects the judicial admission of guilt as to the overall conspiracy.