**UNITED STATES of America,**
**Libellant,**

v.

**162-10/12 CASES CONTAINING AP-PROXIMATELY 415 PROOF GAL-LONS OF DISTILLED SPIRITS, Re-spondent.**

United States District Court
S. D. New York.

Jan. 9, 1956.

Paul W. Williams, U. S. Atty. S. D. of N. Y., New York City (Eliot H. Lumbard, Asst. U. S. Atty., New York City, of counsel), for libellant.

Nicholas Atlas, New York City, for claimant.

WALSH, District Judge.

The United States has moved for summary judgment of forfeiture with respect to 162–10/12 cases of distilled spirits which it claims were concealed or deposited with intent to defraud it of certain taxes. Its motion is granted.

The action was brought under the Revenue Act of 1939, as amended, former 26 U.S.C.A. § 3321(b) (1). The libel alleges that the spirits were seized at the business premises of the claimant; that at the time of the seizure they were subject to tax and that they were deposited and concealed with intent to defraud the United States of this tax; and that they were possessed for the purpose of being sold in fraud of the internal revenue laws.

The tax involved is the Floor Stocks Tax enacted on October 20, 1951. On that date Congress increased the tax on distilled spirits from $9 to $10.50 a proof-gallon.[1] The new total was applied to all whiskey not previously taxed under the former rate. Whiskey taxed under the former rate and still held for sale was, however, subjected to a supplementary tax, the Floor Stocks Tax, in the amount of $1.50 a proof-gallon. The purpose of this tax was to eliminate the competitive advantage which would otherwise result to persons having an inventory taxed prior to the increase in rate.

The facts established by the government are as follows:

1. On November 30, 1951, claimant filed a Floor Stocks Tax return stating that his inventory of retail liquor stocks contained only 457.499 proof gallons of distilled spirits. It was accompanied by an inventory specifying by brand name and case number the spirits at his premises.

2. On December 6, 1951, investigators of the Alcohol and Tobacco Tax Division found at the claimant's tavern 984.513 proof gallons of distilled spirits, 527.014 more than reported. They found 150 full cases of whiskey and 154 loose bottles not included in the inventory filed with his return.

3. 100 cases of the additional whiskey were found in a completely blocked-in compartment in the basement. The remaining 50 cases were found under debris in the rear of the basement.

4. Prior to the discovery of these additional cases, claimant had denied to the investigators that they existed. He claimed to have already shown them all he had. He had told them that the blocked-in compartment was merely an unused stairway.

5. In 1954 claimant pleaded guilty to an indictment which charged that the return he filed on November 30, 1951 was false and fraudulent in that it, as the claimant knew, understated his inventory of distilled spirits and the amount of tax due thereon, all in violation of 26 U. S.C.A. § 3616(a).

1. Internal Revenue Act of 1951, §§ 451(a), 455, 65 Stat. 524, 527, 26 U.S.C.A.Int.Rev.Act, pages 352, 356.

■ In order to recover, the government must establish (1) that the spirits were subject to tax; (2) that they had been concealed or deposited; and (3) that this was done with an intent to defraud the United States. Intent to defraud the United States is an essential element. United States v. One 1935 Model Chevrolet Coupe Automobile, D.C. W.D.Ky., 14 F.Supp. 680, 681; United States v. One Ford Coupe Automobile, etc., D.C.W.D.Tex., 26 F.Supp. 867, 868; United States v. One 1939 Chevrolet Sedan, etc., D.C.S.D.Fla., 35 F.Supp. 142, see also United States v. One Dodge Sedan, 3 Cir., 164 F.2d 950, 951–952.

■■ There seems to be no serious dispute that the spirits were taxable and there is no doubt that they were found at the claimant's premises. Concealment is established by claimant's false statements to the tax investigators. His intent to defraud is established by (1) his false return; (2) his plea of guilty to the charge that the return was knowingly false;[2] (3) the concealed manner in which the spirits were stored; and (4) his false statements to the tax investigators.

■ The government has insisted that the claimant's plea of guilty constitutes a collateral estoppel to his claim in this proceeding. With this I disagree. Claimant's plea of guilty is an admission, which, unexplained, establishes claimant's knowledge that the return was false. This in turn is probative on the issue of the intent with which other acts of concealment, apparently all part of a common scheme, were committed. This inference could perhaps be overcome by proof if claimant saw fit to submit it. His plea of guilty does not estop him from doing so if he can. In The Evergreens v. Nunan, 2 Cir., 141 F.2d 927,

152 A.L.R. 1187, certiorari denied 323 U.S. 720, 65 S.Ct. 49, 189 L.Ed. 579, Judge Learned Hand writing for the Court of Appeals concluded that parties were estopped to challenge facts established in a prior proceeding only if those facts were ultimate facts to be established in the second proceeding. The false and fraudulent return and the intent with which it was filed is not an ultimate fact in the present proceeding. In this proceeding the ultimate fact is the intent with which the spirits were concealed or deposited. The falsity of the return and the intent with which it was filed are merely mediate data from which this ultimate fact may be inferred.

■■ The failure of the claimant to controvert the government's affidavits is nevertheless fatal. A transcript of his counsel's remarks at the time he pleaded guilty is no substitute for affidavits and in any event counsel admitted that claimant lied to the tax investigators in an effort to prevent them from discovering the spirits. Summary judgment is proper in a case which would require a directed verdict for the moving party. The theory underlying both motions is the absence of a genuine issue of material fact. Radio City Music Hall Corp. v. United States, 2 Cir., 135 F.2d 715, 718. Cf. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 624, 64 S.Ct. 724, 88 L.Ed. 967; Firemen's Mut. Ins. Co. v. Aponaug Mfg. Co., 5 Cir., 149 F.2d 359, 363. This is not the type of case in which a party may decline to submit affidavits because the facts are within the possession of his adversary or because the demeanor of his adversary's witnesses will be of material significance. On the contrary, proof is at least as easily available to the claimant as to the libellant. The facts are simple. They lend themselves readily to proof by affidavit.

2. A plea of guilty must be construed as narrowly as possible. United States v. American Packing Corp., D.C.D.N.J., 113 F.Supp. 223, 225. It is, however, deemed to admit a violation of the statute and all the material allegations of the indictment, and has the same effect as a conviction entered on a jury verdict. Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009; Mathis v. United States, 6 Cir., 200 F.2d 697; Berg v. United States, 9 Cir., 176 F.2d 122, 125, certiorari denied 338 U.S. 876, 70 S.Ct. 137, 94 L.Ed. 537; Bergen v. United States, 8 Cir., 145 F.2d 181, 188.

Claimant's hope lies not in cross-examination of the government's witnesses but in controverting their testimony and the inferences which flow from his own plea of guilty. Cf. Subin v. Goldsmith, 2 Cir., 224 F.2d 753, 759–760.

The libellant's motion for summary judgment is granted.