WESSELS v. UNITED STATES.*

(Circuit Court of Appeals, Fifth Circuit. December 15, 1919. Rehearing Denied January 16, 1920.)

No. 3258.

1. INDICTMENT AND INFORMATION ⬥34(3)—INDORSEMENT OF STATUTE UNDER WHICH IT WAS BROUGHT IS NO PART OF INDICTMENT.

Where defendant was indicted for unlawfully and willfully obstructing the recruiting service of the United States, which offense is denounced by Espionage Act, § 3 (Comp. St. 1918, § 10212c), the fact that there was indorsed on the indictment the expression: "Charge: Obstructing the recruiting and enlistment service of the U. S.; violation section 3 of Act of

May 18, 1917"—will not render the indictment bad, though Act May 18, 1917 (Comp. St. 1918, §§ 2044a–2044k), did not denounce the offense; the indorsement being no part of the indictment.

2. INDICTMENT AND INFORMATION ☞34(3)—INDICTMENT NOT BAD, THOUGH ERRONEOUSLY RECITING STATUTE UNDER WHICH IT WAS FOUND.

An indictment charging a violation of Espionage Act, § 3 (Comp. St. 1918, § 10212c), by obstructing the recruiting and enlistment service of the United States, is not bad because an indorsement thereon erroneously recited it was found under Act May 18, 1917 (Comp. St. 1918, §§ 2044a– 2044k), which act did not include the offense, where the indictment alleged facts sufficient to bring it under the proper statute.

3. ARMY AND NAVY ☞40—ESPIONAGE ACT VIOLATED, THOUGH ATTEMPT TO OBSTRUCT ENLISTMENT NOT EFFECTIVE.

An attempt to obstruct the enlistment and recruiting service of the United States, though unsuccessful, is a violation of Act June 15, 1917, § 3 (Comp. St. 1918, § 10212c), and defendant is properly punishable for such attempt.

4. CRIMINAL LAW ☞1177—SENTENCE HARMLESS WHERE EITHER COUNT OF INDICTMENT IS SUPPORTED BY EVIDENCE.

As the Espionage Act provides a maximum penalty of 20 years for violation, and denounces the offense of attempting to obstruct the recruiting and enlistment service, a defendant sentenced to three years under indictment of two counts charging obstructing of recruiting and enlistment and attempt to cause disloyalty and refusal of duty, cannot complain, if the evidence supported either count, for the punishment assessed was within the scope of the act.

5. CRIMINAL LAW ☞371(1)—EVIDENCE OF SEDITIOUS UTTERANCES ADMISSIBLE TO SHOW INTENT IN PROSECUTION FOR OBSTRUCTING ENLISTMENT.

In a prosecution for attempting to obstruct the recruiting and enlistment service of the United States, etc., evidence that defendant stated that the United States should not have gone to war with Germany, and that, if he had President Wilson, he would fill him so full of holes he would be unrecognizable, is admissible to show defendant's intent.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Gerhardt Wessels was convicted of a violation of the Espionage Act, and he brings error. Affirmed.

R. H. Ward, of Wichita Falls, Tex., for plaintiff in error.
Hugh R. Robertson, U. S. Atty., of San Antonio, Tex.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

FOSTER, District Judge. Plaintiff in error (hereafter called the defendant) was indicted in two counts. The first count charged him with unlawfully and willfully obstructing the recruiting and enlistment service of the United States by making substantially the following statement to a negro named Harvey Smith:

"That the United States had no business going into this war against Germany, and that the negroes should not have anything to do with it, and for him, the said Harvey Smith, to go and tell the young negroes who had been registered, and also some of the older negroes, to meet at the house of a negro by the name of Floyd Lott, and that he, the said Gerhardt Wessels, would tell them how they could avoid being drafted into the army of the

United States; that he would explain to them that they could claim that their eyesight was bad and that they could not see the letters and figures when they were given an eye test before the local exemption board."

The indictment alleges that said negro, acting upon defendant's suggestion, repeated substantially the same statement to a number of negroes, who had heretofore registered in accordance with requirements of Act May 18, 1917 (Comp. St. 1918, §§ 2044a–2044k), and six persons to whom the statement had been made were named in the indictment.

The second count is substantially the same, except that the charge is unlawfully and willfully attempting to cause disloyalty and refusal of duty in the military forces of the United States. A demurrer to the indictment was overruled. The case went to trial. A motion to direct a verdict of acquittal was refused, and the general verdict of guilty on the whole indictment was returned. A sentence of three years' imprisonment was imposed.

[1, 2] Nine errors are assigned. The first assignment is to the overruling of the demurrer. The demurrer is lengthy, but its substance is that the indictment did not charge a crime. In returning the indictment there was indorsed on it:

"Charge: Obstructing the recruiting and enlistment service of the U. S.; violation section 3 of Act of May 18, 1917."

This was undoubtedly a clerical error, as the offense that is set out is cognizable under section 3 of the Act of June 15, 1917, known as the Espionage Act (Comp. St. 1918, § 10212c), and not under the Selective Draft Act. It is well settled that the indorsement on an indictment is no part of the indictment. It is also well settled that, if the prosecution be mistaken as to the particular law violated, nevertheless, if the indictment charges a crime under any law of the United States, it is sufficient to support the verdict.

[3, 4] The third error assigned is to the refusal of the court to direct a verdict in defendant's favor. There was evidence tending to show that defendant made the statement as charged; that it was repeated to a number of witnesses; that at the time appointed he visited the house of Floyd Lott, but, no one else appearing, no meeting was held. It is also shown that defendant was a member of the local draft board. He denied that he made the statement, or that he visited Lott's house. The point is made that the defendant was not guilty of obstructing the recruiting and enlistment service of the United States, and did not cause disloyalty or refusal of duty.

Conceding for the sake of argument that the evidence was not sufficient on the first count, the second count charges that he did "unlawfully and willfully attempt to cause disloyalty and refusal of duty," etc. Section 3 of the Act of June 15, 1917, reads:

"Whoever * * * shall willfully cause or attempt to cause insubordination, disloyalty, mutiny, or refusal of duty, in the military or naval forces of the United States, or shall willfully obstruct the recruiting or enlistment service of the United States, to the injury of the service or of the United States, shall be punished by a fine of not more than $10,000 or imprisonment for not more than twenty years, or both."

Under the provisions of the act it was not necessary that the defendant should succeed in his efforts. The mere attempt constituted a crime. If the jury believe the evidence for the government, the defendant was clearly guilty. As the act provides a maximum penalty of 20 years, and the court imposed a sentence of only 3 years, if either count of the indictment be supported by the proof, the sentence was valid.

[5] The second error assigned is to certain evidence admitted over objection. A witness, William Cox, was on the stand, and was asked the following question:

"I will ask you whether or not you heard the defendant, Wessels, some time after registration day, June 5, 1917, state substantially that President Wilson had no business going into this war with Germany, and that if he had him he would fill him so full of holes you wouldn't know him?"

To which he answered:

"I heard him make that statement a couple of days or some time right after registration day. The defendant was in his room just prior to making that statement. I heard him talking, or reading, or something. I heard him making a fuss in there some way, and he came out on the gallery, and I walked out there, and he made that remark."

We think this evidence was properly admitted on the question of defendant's intent.

The fourth, fifth, sixth, seventh, eighth, and ninth assignments of error run to portions of the judge's charge. Without repeating what the court said, it is sufficient to say that we find no error in the portions of the charge given.

Judgment is affirmed.