**MOORE v. HUDSPETH, Warden.**
No. 1996.

Circuit Court of Appeals, Tenth Circuit.
March 12, 1940.

Writ of Certiorari Denied June 3, 1940.

See 60 S.Ct. 1105, 84 L.Ed. ——.

---

Quigg Newton, Jr., of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus. On September 25, 1935, an indictment was returned against petitioner in the District Court of the United States for the Northern District of Oklahoma. The first count charged the petitioner with having in his possession seventeen counterfeited half dollars in similitude of a silver coin which had theretofore been stamped at the mints of the United States, well knowing them to be counterfeited, and with the intent to defraud the United States and divers persons to the grand jurors unknown. The second count charged the petitioner with passing to Harry E. Glimp, as a true and genuine coin of the United States, one counterfeited half dollar in the similitude of a silver coin which had theretofore been stamped at the mints of the United States, well knowing it to be counterfeited, and with the intent to defraud Glimp and the United States. The third count charged the petitioner with passing to Mrs. Bob Keeton, as a true and genuine coin of the United States, one counterfeited half dollar in the similitude of a silver coin which had theretofore been stamped at the mints of the United States, well knowing it to be counterfeited, and with the intent to defraud Mrs. Keeton and the United States.

The indictment bore the following endorsement: "Counterfeiting Sec. 278, Title 18, U.S.C.A."

On October 3, 1935, petitioner appeared before Honorable Franklin E. Kennamer, United States District Judge for the Northern District of Oklahoma, and entered pleas of guilty to each count of the indictment. He was sentenced to terms of imprisonment of five years on each count, to run consecutively.

In his petition for the writ, petitioner alleged that the several counts of the indictment were interpreted by Paul O. Simms, Assistant United States Attorney, and author of the indictment, as being violations of 18 U.S.C.A. § 278; that Simms

visited petitioner twice in the county jail and informed him that the maximum penalty that could be imposed for the offenses charged was three years; that he entered his pleas of guilty on the strength of what he had been told by Simms; that at the time he entered his pleas of guilty, he was not represented by counsel and the court did not inform him and he did not know he was entitled to counsel.

■ The endorsement referred to above is no part of the indictment and neither adds to nor weakens the legal force of its averments. We must look to the indictment itself to determine whether it charges offenses under 18 U.S.C.A. § 277 or 18 U.S.C.A. § 278.[1] Each count clearly and fully charges every element of an offense defined in § 277. Count one charges the possessing and counts two and three the passing of counterfeited half dollars which are silver coins. Section 277 covers the counterfeiting of gold and silver coins and possessing and passing the same. Section 278 applies only to minor coins which are five-cent and one-cent pieces. See 31 U.S.C.A. § 317. We conclude that the indictment charged offenses under § 277 and that the sentences were not excessive.

At the hearing below, the respondent introduced the affidavit of Judge Kennamer, to the effect that while he had no recollection of what transpired at the time petitioner was sentenced, it was his practice always to advise each defendant who appeared before him without counsel that he was entitled to counsel and if he desired, counsel would be appointed for him.

Respondent also introduced the affidavit of Mr. Simms, Assistant United States Attorney, who drew the indictment and was in charge of the case against petitioner, to the effect that he did not visit the petitioner while the latter was in jail and that he did not have any conversation with the petitioner with respect to the sentence that might be imposed. The respondent also introduced the affidavit of George A. Walker, an agent of the United States Secret Service Division, to the effect that he interviewed petitioner at Drumright; that he at no time told petitioner the maximum penalty for passing or possessing counterfeited money was three years; that he made no promises to or threats against petitioner; that he learned from his conversation with petitioner that the latter had served four previous sentences for felonies, one of which was for counterfeiting.

■ The constitutional right of accused to have the assistance of counsel may be waived. The burden rested upon petitioner to establish that he did not competently and intelligently waive his constitutional right. The determination of whether there has been an intelligent waiver of the right to counsel depends upon the particular facts and circumstances in each case, including the background, experience, and conduct of the accused. Waiver of the right will ordinarily be implied where the accused appears without counsel and fails to request that counsel be assigned to him.[2]

■ The trial court found that petitioner freely, voluntarily, intelligently, and competently waived his right to the assistance of counsel at the time he entered his pleas of guilty to the indictment. The evidence adduced supports the finding.

The order is affirmed.

---

[1] See Buckner v. Hudspeth, 10 Cir., 105 F.2d 393, 395, and Williams v. United States, 168 U.S. 382, 389, 18 S.Ct. 92, 94, 42 L.Ed. 509.

In the latter case the court said:

"The indorsement on the margin of the indictment constitutes no part of the indictment, and does not add to or weaken the legal force of its averments. We must look to the indictment itself, and, if it properly charges an offense under the laws of the United States, that is sufficient to sustain it, although the representative of the United States may have supposed that the offense charged was covered by a different statute."

[2] Buckner v. Hudspeth, 10 Cir., 105 F.2d 396, 397; Johnson v. Zerbst, 304 U.S. 458, 464, 468, 58 S.Ct. 1019, 82 L.Ed. 1461.