260

**BUGG v. HUDSPETH, Warden.**

**No. 2071.**

Circuit Court of Appeals, Tenth Circuit.

June 29, 1940.

Ira C. Rothgerber, Jr., of Denver, Colo., for appellant.

Homer Davis, Asst. U. S. Atty., of Topeka, Kan. (Summerfield S. Alexander, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS and BRATTON, Circuit Judges, and MURRAH, District Judge.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment denying a petition for a writ of habeas corpus.

Bugg, the petitioner, and others were charged by indictment returned in the District Court of the United States for the Eastern Division of the Eastern District of Missouri with the violation of 18 U.S.C. A. § 320. He entered a plea of guilty thereto and was sentenced to serve a term of twenty-five years in the United States Penitentiary at Leavenworth, Kansas.

Petitioner in his application for the writ charged that he was denied his constitutional right to have the assistance of counsel for his defense, and that he did not commit the offense defined in § 320, supra, and charged in the indictment.

The evidence adduced in behalf of respondent established that petitioner and his codefendants were arraigned on October 27, 1933, before the Honorable Charles B. Faris, United States District Judge for the Eastern District of Missouri; that they entered pleas of not guilty to the indictment; that Judge Faris made inquiry if they were represented by counsel and they stated they were arranging for counsel; that thereafter members of petitioner's family secured the services of J. Henry Caruthers, Esq., a practicing lawyer of St. Louis, Missouri; that petitioner requested him to come to the city jail for a conference; that Caruthers examined the indictment and consulted with petitioner and after a full investigation concluded that petitioner had no valid defense and so advised him; that petitioner then concluded to enter a plea of guilty; that Caruthers offered to appear with petitioner at the time he entered his plea of guilty and was present in the court room when the plea was entered; that Judge Faris inquired of petitioner if he had employed counsel or had had counsel to advise him; that pe-

titioner replied he had discussed the matter with some lawyers and concluded that he did not need counsel; that Judge Faris then informed him it was the custom of the court to appoint counsel, that he was charged with a serious offense involving a sentence of twenty-five years, that he was entitled to counsel of his own choice, and that if he was unable to employ counsel the court would appoint counsel for him; that petitioner replied that he had consulted lawyers, that he was going to enter a plea of guilty and that he did not think lawyers would do him any good; that Judge Faris then replied, "I don't know that a lawyer would do you much good, anyway."

It further established that prior to the entry of the plea of guilty, C. J. Stattler, Assistant United States Attorney, in charge of the case, advised petitioner that if he did not have funds to employ counsel, the court would appoint an attorney to represent him, and fully explained the charge to petitioner.

The evidence established the petitioner was a farmer until he was about twenty-five years of age; that thereafter he was cashier of a bank, special officer for the Missouri Pacific Railway Company, a dairy operator, conductor for the Peoples Motor Bus Company, and business agent of a Union.

The trial court found that petitioner was not denied the assistance of counsel, declined the services of counsel, and intelligently, competently, and understandingly waived his right to the assistance of counsel.

 The constitutional right of accused to have the assistance of counsel may be waived. The burden rested upon petitioner to establish that he did not competently and intelligently waive his constitutional right.[1]

The evidence fully supports the finding of the trial court that petitioner competently and intelligently waived his constitutional right to the assistance of counsel.

The indictment charged the offense defined in § 320, supra. By pleading guilty to the indictment, petitioner admitted the facts therein averred. A plea of guilty is a confession of guilt and amounts to a conviction.[2] Where one seeks discharge from confinement, after conviction or plea of guilty, upon an application for a writ of habeas corpus, the only questions presented are whether petitioner was convicted by a court having jurisdiction of his person and the offense, and whether the sentence pronounced was one within the power of the court.[3]

The judgment is affirmed.

[1] Buckner v. Hudspeth, 10 Cir., 105 F. 2d 396, 397;

McCoy v. Hudspeth, 10 Cir., 106 F. 2d 810, 811;

Wilson v. Hudspeth, 10 Cir., 106 F. 2d 812, 813;

Moore v. Hudspeth, 10 Cir., 110 F. 2d 386, 388.

[2] People v. Kaiser, 206 N.Y. 46, 99 N. E. 195;

Green v. United States, 40 App.D.C. 426. 46 L.R.A.,N.S., 1117;

Kachnic v. United States, 9 Cir., 53 F. 2d 312, 315, 79 A.L.R. 1366;

Weir v. United States, 7 Cir., 92 F. 2d 634, 635, 114 A.L.R. 481.

[3] Moore v. Aderhold, 10 Cir., 108 F. 2d 729, 732;

Garrison v. Hudspeth, 10 Cir., 108 F. 2d 733.