NORRIS v. HUDSPETH, Warden, United States Penitentiary, Leavenworth, Kansas.

No. 2130.

Circuit Court of Appeals, Tenth Circuit.

Oct. 14, 1940.

Ira C. Rothgerber, Jr., of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment denying a petition for a writ of habeas corpus.

Norris, the petitioner, and others were charged by indictment containing three counts, returned in the District Court of the United States for the Northeastern Division of the Northern District of Alabama, with violations of 18 U.S.C.A. §§ 101, 313, 315. Petitioner entered pleas of guilty thereto and was sentenced to a term of imprisonment for a period of four years and six months in a penitentiary to be designated by the Attorney General.

Petitioner in his application for the writ charged that he was denied his constitutional right to have the assistance of counsel for his defense, that at the time he entered his pleas of guilty he was under the influence of narcotic drugs and was men-

tally incompetent, that the indictment was procured by fraud and perjured testimony, and that the charges in the several counts of the indictment were not read to him at the time he entered his pleas of guilty.

The evidence adduced in behalf of respondent established that petitioner was arraigned before the Honorable T. A. Murphree, United States District Judge, for the Northern District of Alabama; that each count of the indictment was read to petitioner in full by Jack H. McGuire, Assistant United States Attorney; that the court then inquired of petitioner if he desired counsel and petitioner replied that he did not desire the court to appoint counsel for him as he was guilty and did not need an attorney.

The evidence further established that the trial judge, the Assistant United States Attorney, and the United States Marshal observed nothing in the conversation, conduct, or demeanor of petitioner indicating that he was under the influence of narcotic drugs or mentally incompetent, and that he appeared to them to be in full possession of his faculties and mentally competent. Petitioner introduced no evidence to the contrary.

The evidence further established that petitioner had a criminal record dating back to 1931 and that he had served four different sentences in state and federal penal institutions.

Respondent also introduced evidence establishing that petitioner was guilty as charged in the several counts of the indictment.

The trial court found that petitioner was not under the influence of narcotic drugs and was sane at the time he entered his pleas of guilty and that he freely, voluntarily, intelligently, and competently waived his right to the assistance of counsel.

The constitutional right of an accused to have the assistance of counsel may be waived. The burden rested upon petitioner to establish that he did not competently and intelligently waive that right. Bugg v. Hudspeth, 10 Cir., 113 F.2d 260.

The evidence fully supports the finding of the trial court that petitioner competently and intelligently waived his constitutional right to the assistance of counsel.

The several counts of the indictment charged offenses against the United

States. By pleading guilty thereto, petitioner admitted the facts therein averred. A plea of guilty is a confession of guilt and amounts to a conviction. Bugg v. Hudspeth, supra. Where one seeks discharge from confinement, after conviction or plea of guilty, upon an application for a writ of habeas corpus, the only questions presented are whether petitioner was convicted by a court having jurisdiction of his person and the offense, and whether the sentence pronounced was one within the power of the court. Bugg v. Hudspeth, supra. Having competently and intelligently entered pleas of guilty, petitioner may not in this, a collateral proceeding, challenge the evidence before the grand jury upon which the indictment was predicated.

The judgment is affirmed.