**PICKENS v. UNITED STATES.**

No. 10036.

Circuit Court of Appeals, Fifth Circuit.

Nov. 10, 1941.

Elmer Bentley Pickens (in pro. per.), of Alcatraz, Cal., for appellant.

Jim C. Smith, U. S. Atty., of Birmingham, Ala., for appellee.

Before HUTCHESON and McCORD, Circuit Judges, and MIZE, District Judge.

McCORD, Circuit Judge.

On May 7, 1936, Elmer Bentley Pickens and others entered and robbed the Farmers & Merchants Bank at Waterloo, Alabama, and, in avoiding or attempting to avoid apprehension for the commission of the offense, kidnapped the president of the bank and forced him to accompany them to a point several miles distant from the bank. For such unlawful conduct an indictment in four counts was returned against Pickens and his confederates charging them with violation of 12 U.S.C.A. §§ 588b and 588c. A copy of the indictment was served on Pickens on June 6, 1936, and the case was set for trial on July 14, 1936. When arraigned on July 14, 1936, Pickens, who was represented by counsel, entered a plea of guilty to the indictment and consented and agreed to the District Attorney's recommendation of a sentence of life imprisonment. After hearing evidence and the recommendation of the District Attorney, the jury returned its verdict fixing Pickens' punishment at life imprisonment in the penitentiary. Pickens was thereupon committed to the United States Penitentiary, Atlanta, Georgia. Thereafter he was removed to the United States Penitentiary, Alcatraz, California, where he is now confined.

On October 11, 1940, Pickens filed a petition in the trial court for correction of sentence. He contended that the indictment charged a violation of Section 588b, that it did not charge a violation of Section 588c, and that, therefore, twenty-five years imprisonment in the penitentiary was the maximum sentence that could have been lawfully imposed. The petition was argued before the court by the District Attorney and counsel for Pickens, and at the close of the hearing the court entered an order dismissing the petition. Pickens has appealed.

At the top of the first page of the four-count indictment appears this indorsement: "Indictment for Violation of the Act of Congress Approved May 18, 1934, Relating to Robbery of Banks (Sections 588-A and 588-B, Title 12, U.S.C.A.)"

Appellant contends here, as he did in the court below, that since no mention of Section 588c was made the judgment and sentence under that section was illegal and void. This contention is wholly without merit. The record affirmatively shows

that Pickens was represented by counsel; that a copy of the indictment was served upon him more than a month before the trial; that he read the indictment and fully understood the charge against him when he entered a plea of guilty "believing that he could be hung" for the offense charged against him; and that no appeal was taken and no objection made to the indictment, judgment, or sentence until the filing of the motion for correction of sentence on October 11, 1940. Pickens was in no way misled as to the charges against him, and the failure to mention Section 588c was not fatal to the indictment. The recitations of the indorsement constituted no part of the indictment and in no way added to or weakened the legal force of its averments. Williams v. United States, 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509; Moore v. Hudspeth, 10 Cir., 110 F.2d 386; Capone v. United States, 7 Cir., 51 F.2d 609, 616, 76 A.L.R. 1534; 27 Am.Jur. 613, § 42. Looking at the indictment itself, we find that Count Two in clear and unmistakable language and in the words of the statute charges an offense in violation of Section 588c, and that it is sufficient to sustain the judgment and sentence imposed. Williams v. United States, supra; Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Casebeer v. United States, 10 Cir., 87 F.2d 668.

The dismissal of the petition was proper. The judgment is affirmed.