**STASSI v. UNITED STATES.**

No. 11433.

Circuit Court of Appeals, Fifth Circuit.

Dec. 28, 1945.

Rehearing Denied Feb. 18, 1946.

E. R. Schowalter and Jacob J. Amato, both of New Orleans, La., for appellant.

Herbert W. Christenberry, U. S. Atty., and Nicole E. Simoneaux, Asst. U. S. Atty., both of New Orleans, La., for appellee.

Before McCORD and LEE, Circuit Judges.

McCORD, Circuit Judge.

Joseph Ago Stassi was indicted for a violation of the Selective Training and Service Act of 1940, § 11, 50 U.S.C.A.Appendix, § 311.

The one count of the indictment discloses the important facts:

"* * * the defendant did unlawfully, knowingly, willfully and feloniously fail and neglect to perform a duty required of him under the provisions of the said Selective Training and Service Act of 1940 as amended, and the rules, regulations and directions made and issued pursuant thereto, by failing and neglecting to report to his said Selective Service Local Board, in writing or otherwise, certain facts which might have resulted in the said Joseph Ago Stassi being placed in a different classification than that in which he was placed during the period aforesaid, the said facts being that he, the said Joseph Ago Stassi, though having obtained employment at Delta Shipbuilding Company, Inc., was not, during the period aforsaid, a full time, regularly employed workman averaging 40 hours work per week at Delta Shipbuilding Company, Inc., that he was chronically absent from said employment, having worked only 11 days in the month of July, 1943, no days during the months of August, September and October, 1943, 10 days in the month of November, 1943, * * * and that during the period aforesaid, he was principally engaged in the operation of a barroom owned by him in the City of Hammond, State of Louisiana, the said defendant at all times well knowing that the classification which he then and there enjoyed was given him as a result of said Delta Shipbuilding Company, Inc. representing and certifying to said Selective Service Local Board Number 2, in and for the Parish of Tangipahoa, State of Louisiana, that he, the said Joseph Ago Stassi, during the period aforesaid, was a full time, regularly employed workman averaging 48 hours work per week at said Delta Shipbuilding Company, Inc., * * *."

The jury returned a verdict finding the defendant guilty, and the court sentenced him to serve thirty months in the penitentiary and to pay a fine of five hundred dollars.

The only contention of defendant is that the regulation under which he was convicted is too vague, indefinite and uncertain to provide an ascertainable standard of

582

guilt, and that it violates the United States Constitution, Amendment VI.

The statute and regulation upon which the indictment is predicated provides:

"Any person who shall knowingly make, or be a party to the making of, any false statement or certificate as to the fitness or unfitness or liability or nonliability of himself or any other person for service under the provisions of this Act, or rules, regulations, or directions made pursuant thereto, or who otherwise evades registration or service in the land or naval forces or any of the requirements of this Act * * * or of said rules, regulations, or directions, or who in any manner shall knowingly fail or neglect to perform any duty required of him under or in the execution of this Act, or rules or regulations made pursuant to this Act * * * shall, upon conviction, * * * be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment, * * *."—Title 50 U.S.C.A.Appendix, § 311.

"Each classified registrant shall, within 10 days after it occurs, and any other person should, within 10 days after knowledge thereof, report to the local board in writing any fact that might result in such registrant being placed in a different classification."—Selective Service Regulation 626.1 (b).

We are of opinion that the regulation under attack affords an ascertainable standard of guilt and is constitutional. Nash v. United States, 229 U.S. 373, 33 S.Ct. 780, 57 L.Ed. 1232; Gorin v. United States, 312 U.S. 19, 61 S.Ct. 429, 85 L.Ed. 488. However, under our view of the case, it is not necessary to decide the constitutional question, since apart from the regulation the indictment is sufficient to charge an offense under 50 U.S.C.A.Appendix, § 311.

When we strip away Selective Service Regulation 626.1 (b) and leave only the quoted excerpt of Section 311, just adverted to, we find that the indictment clearly and plainly charges a violation of this statute and is in nowise vague, indefinite or uncertain. Moreover, if the indictment charges a crime under any law of the United States, it is sufficient to support the verdict. Wessels v. United States, 5 Cir., 262 F. 389, certiorari denied 253 U.S. 485, 40 S.Ct. 481, 64 L.Ed. 1025; Moore v. Hudspeth, 10 Cir., 110 F.2d 386, certiorari

denied 310 U.S. 643, 60 S.Ct. 1106, 84 L. Ed. 1411; Pickens v. United States, 5 Cir., 123 F.2d 333, certiorari denied 316 U.S. 669, 62 S.Ct. 1039, 86 L.Ed. 1744.

We find no reversible error in the record and the judgment is

Affirmed.