### HAWLEY v. HUNTER, Warden.
### No. 3460.

Circuit Court of Appeals, Tenth Circuit.

May 19, 1947.

Harry S. Silverstein, Jr., of Denver, Colo., for appellant.

Randolph Carpenter, U. S. Atty., and Eugene W. Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Philip J. Hawley, hereinafter referred to as petitioner, was indicted in the United States Court for New Mexico. The indictment contained two counts. The first count charged that petitioner unlawfully and with fraudulent intent transported or caused to be transported in interstate commerce from Amarillo, Texas, to Los Lunas, New Mexico, a check-writing machine, with intent to use such machine for the purpose of falsely making, forging, and uttering a security or check; and the second count charged that he unlawfully and with fraudulent intent caused to be transported in interstate commerce a falsely made check, knowing that it was falsely made. The check was fully described in respect to amount, name of payee, name of maker, and name of bank on which drawn. Petitioner pleaded guilty to the second count and was sentenced to a term of five years in the penitentiary and to pay a fine. The first count was dismissed. After entering upon the service of the sentence, petitioner was taken before the United States Court for Northern Texas and there pleaded guilty to an indictment charging that he unlawfully and with fraudulent intent transported and caused to be transported in interstate commerce from Dallas, Texas, to New York, in the State of New York, a falsely made, forged, and counterfeited check knowing it to have been falsely made, forged and counterfeited. The check was fully described as to date, amount, name of payee, name of maker, and name of bank on which drawn. A plea of guilty was entered, and a sentence of thirteen months in the penitentiary was imposed, with provision that the sentence should not run concurrently with any pending sentence.

While confined in the federal penitentiary at Leavenworth, Kansas, petitioner instituted in the United States Court for Kansas this proceeding in habeas corpus to obtain his discharge from further incarceration. The warden responded, petitioner was produced in open court, the petition for the writ was denied, and petitioner appealed.

It is the contention of petitioner that the second count in the indictment in the court in New Mexico, and the single count in the indictment in the court in Texas, to which petitioner pleaded guilty, each failed to charge any offense under the laws of the United States. The argument is in substance that the falsely making and passing of a forged check in one state, drawn on a bank in another state, by means of which the person making and passing the check intends to obtain and does obtain money or something of value is not a penal offense within the meaning of section 3 of the National Stolen Property Act, as amended, 48 Stat. 794, 53 Stat. 1178, 18 U.S.C.A. § 415. The contention calls for little discussion. Whatever doubt may have existed in the past, it is now settled law that the making and passing of a false and forged check as outlined in each of the counts to which petitioner pleaded guilty constitutes a penal offense punishable under the statute. United States v. Sheridan, 329 U.S. 379, 67 S.Ct. 332. And each plea of guilty interposed by petitioner ad-

mitted all of the material allegations contained in the indictment, or the count thereof, to which the plea was directed. Bugg v. Hudspeth, 10 Cir., 113 F.2d 260; Norris v. Hudspeth, 10 Cir., 114 F.2d 1007; Lindsay v. United States, 10 Cir., 134 F.2d 960, certiorari denied 319 U.S. 763, 63 S. Ct. 1316, 87 L.Ed. 1714; Spencer v. Hunter, 10 Cir., 139 F.2d 828.

The indictment in the court in New Mexico is challenged on the further ground that it merely charged that petitioner caused the check to be transported in interstate commerce, but failed to charge that an act of transportation was accomplished; and the indictment in the court in Texas is further challenged for duplicity, inconsistency, vagueness, indefiniteness, and uncertainty. But defects of that kind in the mere form of the allegations in an indictment are not jurisdictional in character, and therefore they cannot be reviewed on habeas corpus.

The order denying the petition for the writ is affirmed.