## CALDWELL v. HUNTER.

### No. 3455.

Circuit Court of Appeals, Tenth Circuit.
July 24, 1947.

Stewart A. Shafer, of Denver, Colo., for appellant.

Randolph Carpenter, U. S. Atty., and Eugene W. Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This is a proceeding in habeas corpus instituted by Charles Caldwell, hereinafter referred to as petitioner, against Walter A. Hunter, warden of the United States penitentiary at Leavenworth, Kansas. Petitioner was indicted in two counts in the United States Court for Iowa. The first count charged that he unlawfully, wilfully, and knowingly, and with intent to defraud, transported and caused to be transported in interstate commerce from South Bend, Indiana, to Des Moines, Iowa, a certain falsely made, forged, and altered check; and the second count charged that he unlawfully, wilfully, and knowingly, and with intent to defraud, transported and caused to be transported in interstate commerce from Fort Smith, Arkansas, to Des Moines, Io-

wa, a different falsely made, forged and altered check. Each check was described as to date, amount, name of maker, name of payee, and name of bank on which drawn. Petitioner pleaded guilty to the indictment and was sentenced on each count to a term of five years in the penitentiary, with provision that the sentences should run concurrently. After serving part of the sentences in the penitentiary at Leavenworth, petitioner filed this action to effectuate his discharge from further incarceration. The warden responded; after a full hearing at which petitioner testified, the petition for the writ was denied; and petitioner appealed.

■ It is contended that the writ should have been granted because the indictment in the criminal case failed to charge any offense under the laws of the United States. The argument is that the making and passing of a forged check in one state, drawn on a bank in another state, by means of which the person making and passing the check intends to obtain and does obtain money or something else of value may constitute an offense under state law but is not a penal offense under section 3 of the National Stolen Property Act, as amended, 53 Stat. 1178, 18 U.S.C.A. § 415. The contention is not well-founded as it is settled law that the making, passing, and transportation in interstate commerce of a false and forged check, as charged in each count of the indictment, constitutes a penal offense punishable under section 3, supra. United States v. Sheridan, 329 U.S. 379, 67 S.Ct. 332; Hawley v. Hunter, 10 Cir., 161 F.2d 825.

■ A second ground in the petition for the writ is that the checks described in the indictment in the criminal case were not transported in interstate commerce. The gist of the offense laid in each count in the indictment is the transportation in interstate commerce of the forged check, and if the case had been tried on its merits proof of such transportation would have been an essential prerequisite to conviction. Pines v. United States, 8 Cir., 123 F.2d 825. But petitioner entered a plea of guilty to the indictment. That plea admitted all of the material facts charged in the indictment, including the transportation of the checks in interstate commerce. Bugg v. Hudspeth, 10 Cir., 113 F.2d 260; Hawley v. Hunter, supra. The question of fact whether the checks were transported in interstate commerce is not open to review in this proceeding in habeas corpus.

■ The remaining contention advanced by petitioner is that the sentence in the criminal case is void because at the time he entered his plea of guilty and was sentenced he was wrongfully denied the benefit of the assistance of counsel. The Sixth Amendment to the Constitution of the United States guarantees to one charged with a crime the right to the aid of counsel in his defense. But the right is personal and may be waived, provided it is waived intelligently and understandingly, and in a competent manner. Macomber v. Hudspeth, 10 Cir., 115 F.2d 114, certiorari denied 313 U.S. 558, 61 S.Ct. 833, 85 L.Ed. 1519; Hudspeth v. McDonald, 10 Cir., 120 F.2d 962, certiorari denied 314 U.S. 617, 62 S.Ct. 110, 86 L.Ed. 496; Amrine v. Tines, 10 Cir., 131 F.2d 827. The plea of guilty was interposed and the sentence imposed on the same day and apparently at the same time. The order reciting the arraignment and plea is silent in respect to the waiver of the right of the assistance of counsel; but the judgment expressly recites that petitioner was advised of his constitutional rights and was asked whether he desired counsel assigned by the court, and that he replied in the negative. The order of arraignment and plea and the judgment should be considered together in determining whether petitioner intelligently and in a competent manner waived his right to the benefit of counsel. Construing the two together, it appears from the recitals in the record of the court that petitioner effectively waived his right to the assistance of counsel in his behalf. And the testimony of petitioner in this proceeding that he was not advised of his constitutional right to the assistance of counsel and did not waive such right, standing alone and without more, was not enough to overcome the contrary recital in the judgment in the criminal case. Thomas v. Hunter, 10 Cir., 153 F.2d 834.

The judgment denying the petition for the writ is affirmed.