## THORNBURG v. UNITED STATES.
### No. 3507.

Circuit Court of Appeals, Tenth Circuit.
Oct. 28, 1947.

Albert Ellis Radinsky, of Denver, Colo., for appellant.

Lester Luther, Asst. U. S. Atty., of Topeka, Kan., for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The indictment in this case, returned in the United States Court for Kansas, charged that by force and violence and putting in fear, and by assaulting and putting in jeopardy the lives of Joseph F. Blach, B. S. Cofer, James A. Allen, and Ward Lee Scott, and by the use of dangerous weapons and devices, John William Thornburg robbed The First National Bank of Chanute, Kansas; that he carried away $4,860 in money which belonged to the bank; that Allen was president and Cofer vice-president of the bank; and that at the time of and concurrently with the robbery and the taking away of the money, and for the purpose of avoiding and attempting to avoid apprehension for the commission of the offense charged as aforsesaid, Thornburg then and there unlawfully and feloniously forced Blach and Scott to accompany and go with him, without their consent. A plea of guilty was entered and sentence of imprisonment for a term of thirty-five years was imposed. After being confined in the penitentiary for approximately eight years, appellant filed a motion in the case for the correction of the sentence. The court denied the motion, and this appeal is from that action.

The motion challenged the sentence on the ground that the maximum punishment authorized by law for the offense laid in the indictment was twenty-five years, and that therefore the sentence of thirty-five years was invalid. The court which imposed sentence in a criminal case has jurisdiction after the expiration of the term at which the sentence was imposed to entertain a motion to vacate the sentence on the ground that it exceeded the maximum punishment authorized by law for the offense charged, and an appeal will lie from the denial of a motion of that kind. Peeler v. United States, 10 Cir., 163 F.2d 823.

It is the contention of appellant that the indictment charged an offense under 12 U.S.C.A. § 588b (a–c); that the maximum punishment authorized by the statute is twenty-five years imprisonment, or a fine, or both; that the sentence imposed exceeded that authorized by law; and that therefore the sentence was void. The indictment charged an offense under 12 U.S.C.A. § 588c for which the maximum punishment authorized by law is imprisonment for not less than ten years, or by death if the verdict of the jury shall so direct. Casebeer v. United States, 10 Cir., 87 F.2d 668. The punishment imposed was within the maximum authorized by that section, and therefore the judgment is not open to the objection urged against it. Casebeer v. United States, supra.

The indictment bore the endorsement "Violation: 12 U.S.C.A. § 588b (a) (b) (c). Penalty: Imprisonment not less than 10 years, or death if the verdict of the jury shall do direct." Emphasis is placed upon the endorsement as indicating an intention to charge an offense under section 588b of the statute, not section 588c. But an endorsement on the outside of an indictment in which reference is made to a statute or to statutes does not constitute any part of the indictment and does not add to or weaken the legal effect of the charging allegations contained in the indictment. The question whether an indictment charges an offense under the law must be determined by the allegations contained in the indictment, without reference to an en-

dorsement on the outside of it respecting a statute or statutes. Williams v. United States, 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509; Capone v. United States, 51 F.2d 609, 76 A.L.R. 1534, certiorari denied, 284 U. S. 669, 52 S.Ct. 44, 76 L.Ed. 566; Buckner v. Hudspeth, 10 Cir., 105 F.2d 393; Moore v. Hudspeth, 10 Cir., 110 F.2d 386, certiorari denied, 310 U.S. 643, 60 S.Ct. 1106, 84 L.Ed. 1411; Pickens v. United States, 5 Cir., 123 F.2d 333, certiorari denied, 316 U:S. 669, 62 S.Ct. 1039, 86 L.Ed. 1744.

The further contention is that the indictment was insufficient in substance to charge an offense under section 588c of the statute. Stripped of surplusage, the argument is that the offense charged was not laid in the words of the statute. Section 588c provides in substance that where anyone, in committing any offense defined in section 588b, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills a person, or forces a person to accompany him, he shall be punished as therein provided. By use of the disjunctive "or" at the several places in the statute, Congress indicated clearly a purpose to provide alternate circumstances. And in charging an offense under the statute, it is not necessary to allege all of the alternate circumstances. It is enough if one is charged. Here, the indictment charged the robbery of the bank and the taking away of the money, and it further charged that concurrently with the robbery and the taking away of the money, and for the purpose of avoiding or attempting to avoid apprehension for the robbery, appellant forced the two named persons to accompany him. This was sufficient to charge an offense under the statute. Barkdoll v. United States, 9 Cir., 147 F.2d 617.

The judgment is attacked on the further ground that while counsel were appointed to represent appellant, counsel gave very little attention to the case; and that at the time of the entry of the plea of guilty and the imposition of the sentence, appellant did not have effective assistance of counsel. It appears from the record of the court made at the time that when the case was reached at ten o'clock in the forenoon two members of the bar were appointed to represent appellant; that they accepted the appointment; that appellant and counsel left the courtroom together; that the attorneys consulted with appellant; that at two o'clock in the afternoon appellant was again brought into open court; that his counsel were present; that the indictment was read to him in full; that he expressed a desire to plead guilty; that the court explained to him at some length the nature of the charge and the penalty that could be imposed, and advised him that he should be sure in his own mind that he realized his guilt and wished to enter such a plea; that he said he fully understood the situation; and that the plea was thereupon entered and accepted. It is perfectly clear in these circumstances that appellant was not denied the assistance of counsel within the letter or spirit of the Sixth Amendment.

Apellant undertook in the motion to present other irregularities for review. But by the plea of guilty, he admitted all of the material allegations of fact contained in the indictment constituting the offense, and a plea of that kind amounts to a confession of guilt. Bugg v. Hudspeth, 10 Cir., 113 F.2d 260; Norris v. Hudspeth, 10 Cir., 114 F.2d 1007; Lindsay v. United States, 10 Cir., 134 F.2d 960, certiorari denied, 319 U.S. 763, 63 S.Ct. 1316, 87 L.Ed. 1714; Spencer v. Hunter, 10 Cir., 139 F.2d 828; Hawley v. Hunter, 10 Cir., 161 F.2d 825. Therefore, the irregularities in procedure occurring before entry of the plea became harmless and do not constitute any basis for the vacating of the judgment.

The order denying the motion is affirmed.