## UNITED STATES v. PICKENS.
### No. 873.

United States District Court
N. D. Alabama. Northwestern Division.

Feb. 7, 1949.

Judgment Affirmed June 29, 1949.

John D. Hill, U. S. Atty. and R. Macey Taylor, Asst. U. S. Atty., both of Birmingham, Ala., for plaintiff.

George D. Patterson, Jr., of Birmingham, Ala., for defendant.

MULLINS, Chief Judge.

This cause came on for hearing on a motion of the defendant, Elmer Bentley Pickens, for an order vacating the judgment and sentence imposed on him and quashing the verdict of the jury in this case; and said motion having been argued by the attorney for said Elmer Bentley Pickens and by the attorney for the United States of America; and said motion having been considered and understood:

The Court is of the opinion that said motion should be overruled and denied. The motion is based on two contentions. The first contention is that the indictment in this case is not sufficient. This contention has already been carefully considered and decided adversely to the defendant in this case. Pickens v. United States of America, 5 Cir., 123 F.2d 333. The other contention of the motion is that the jury fixed the punishment and that the sentence is, therefore, void. The minutes of this Court show that the defendant Pickens pleaded guilty in this case and that the case was submitted to a jury on the question of punishment. This was proper because the statute under which he was indicted, Title 12, U.S.C.A. § 588c [now 18 U.S.C.A. § 2113], permits only a jury to fix the maximum penalty provided by the statute, i.e., death. The jury returned a verdict as follows:

"We, the jury, fix the punishment of Elmer Bentley Pickens at life in a penitentiary to be designated by the Attorney General."

This verdict was sufficient to indicate that the jury did not fix the death penalty as it might have. So far as the verdict referred to punishment of life imprisonment, it was surplusage or in the nature of a recommendation, as the jury was

258

not authorized to authoritatively fix the punishment unless it fixed the death penalty. However, the judge then took the action indicated by the following minute entry:

"Thereupon, each of the defendants being now in open Court, asked by the Court if he has anything to say why the judgment of the law should not now be pronounced against him, and each defendant saying nothing sufficient, it is now by the Court considered, ordered and adjudged and the sentence of the court is that you Elmer Bentley Pickens alias Slick, and you Arlin Wylie, aliases as aforesaid, respectively, for your said crime and offenses, be in accordance with the verdict of the jury, which is hereby approved by the court, committed to the custody of the Attorney General of the United States, or his authorized representative, for confinement in an institution of the penitentiary type, for and during the remainder of each of your natural lives * * *".

This action affirmatively indicates that, regardless of the form of the verdict, the judge independently fixed the sentence of the defendant. The judge says the sentence imposed is "the sentence of the court." Reference to the sentence imposed as being "in accordance with the verdict of the jury" was appropriate as indicating that the verdict had not required the death penalty, as it might have required. Reference to the verdict of the jury as being "approved by the court" affirmatively indicates an intention not to be bound by the verdict—in which case there would be no occasion to approve the verdict—and indicates, construed most favorably to movant's contention, an accord by the judge with the punishment referred to in the verdict. In this connection, the fact that the judge fixed the punishment the same as that referred to in the verdict is not remarkable in view of the fact, shown by the minutes, that the defendant himself agreed to a recommendation of the United States Attorney that the punishment be fixed in that same amount. In any event, it is entirely proper for the judge, in imposing sentence, to give consideration to any and all suggestions as to punishment, whether they come from the defendant himself, the prosecuting attorney or the jury. In this case, the record indicates that the judge himself fixed the sentence; it is, therefore, a valid sentence.

It is ordered by the Court that the motion of the defendant to vacate the judgment and sentence imposed on him and to quash the verdict of the jury be and the same is hereby overruled and denied.