**KING v. UNITED STATES.**

No. 4918.

United States Court of Appeals
Tenth Circuit.

Aug. 2, 1954.

Samuel King filed a brief, pro se.

Selby S. Soward, Asst. U. S. Atty., Topeka, Kan. (William C. Farmer, U. S. Atty., Wichita, Kan., was with him on the brief), for the United States.

Before PHILLIPS, Chief Judge, PICKETT, Circuit Judge, and SAVAGE, District Judge.

PHILLIPS, Chief Judge.

This is an appeal from an order dismissing an application for a writ of habeas corpus filed by King.

King was charged by an indictment containing five counts, returned in the District Court of the United States for the Western District of Missouri. The first count charged that King on September 2, 1949, in the Western District of Missouri, did unlawfully sell one-half grain of heroin, a derivative of opium, and one grain of cocaine, a derivative of coca leaves, the same not then and there being sold in pursuance of a written order of the person to whom sold, on a form issued in blank for that purpose by the Secretary of the Treasury of the United States. Counts two, three, four, and five charged like offenses alleged to have been committed in such District on September 21, 1949, September 21, 1949, September 22, 1949, and September 25, 1949, respectively.

King pleaded guilty to each count of the indictment. He was sentenced to imprisonment for a term of five years on count one and a term of five years on count two to begin at the expiration of the sentence imposed on count one, and for terms of five years on each of counts three, four, and five to run concurrently with each other and with the sentence imposed on count one.

As ground for the writ, King alleged in his application that he had served the sentence imposed on count one and that the sentences imposed on counts two, three, four, and five were void, in that the offense charged in count one and the offenses charged in counts two, three, four, and five were identical.

■ King wholly failed to allege any facts showing that the remedy by motion under 28 U.S.C.A. § 2255 was inadequate or ineffective to test the legality of his detention.

■ ■ Moreover, by his pleas of guilty he admitted the facts charged in the several counts of the indictment,[1] and each count, particularly counts one and two, the crucial counts here, charged separate and distinct offenses.[2]

Affirmed.

1. °Godish v. United States, 10 Cir., 182 F. 2d 342; Norris v. Hudspeth, 10 Cir., 114 F.2d 1007.

2. See Blockburger v. United States, 284 U.S. 299, 301, 302, 52 S.Ct. 180, 76 L. Ed. 306.