295 F.2d 339
 Jacob C. DIAL, Petitioner-Appellant,
v.
UNITED STATES of America, Mr. Don A. Tabbert, U. S. Attorney for the Southern District of Indiana, Mr. Warner Hodges, U.S. Attorney for the Western District of Tennessee, Respondents-Appellees.
 No. 13323.
 United States Court of Appeals Seventh Circuit.
 October 26, 1961.
 
 Jacob C. Dial, pro se.
 Richard P. Stein, U. S. Atty., Philip R. Melangton, Jr., Indianapolis, Ind., for appellees.
 Before DUFFY, SCHNACKENBERG and KNOCH, Circuit Judges.
 KNOCH, Circuit Judge.
 
 
 1
 Petitioner, Jacob C. Dial, filed a "Petition for a Writ of Scire Fais (sic) and/or Writ of Habeas Corpus Ad-Subjiciendum, (sic) Ad-Testificandum, Ad-Prosequendum," in the United States District Court for the Southern District of Indiana, from which petition it appears that he sought to be released from the United States Penitentiary at Terre Haute, Indiana. The respondents included the United States Attorneys for the Southern District of Indiana and for the Western District of Tennessee.
 
 
 2
 Petitioner is serving a sentence imposed by the United States District Court for the Western District of Tennessee, Eastern Division, after a trial by jury and verdict of guilty.
 
 
 3
 Originally an indictment was returned in the U.S. District Court for the Western District of Tennessee, on January 7, 1960, in Criminal Case No. 8554, against Petitioner and others. At that time, Petitioner was being held in the county jail at Noblesville, Indiana, on a local charge. He was later moved to the Indiana State Reformatory at Pendleton, Indiana, for safekeeping. On March 9, 1960, the United States Attorney for the Western District of Tennessee, filed a petition for habeas corpus ad prosequendum with the United States District Court for the Western District of Tennessee, to secure Petitioner's return to Tennessee for arraignment. That Court directed issuance of a Writ to the Warden of the Indiana State Reformatory, and to the United States Marshal for the Western District of Tennessee, to produce Petitioner on or before March 28, 1960, and Petitioner was so produced. The District Court subsequently ordered Petitioner's return to Indiana to answer certain matters there.
 
 
 4
 Meanwhile on March 28, 1960, another indictment was returned in Tennessee, Criminal Case No. 8583,[1] adding another defendant, but charging substantially the same offenses as Criminal Case No. 8554: conspiracy to violate and substantive violations of Title 18 U.S.C.A. §§ 2115, 641 and 500.[2]
 
 
 5
 On April 15, 1960, the United States Attorney in Tennessee again petitioned for writ of habeas corpus ad prosequendum (for Criminal Case No. 8583). The Tennessee District Court again directed issuance of a writ to the Warden and the Marshal. Petitioner was produced for a trial by jury which began June 6, 1960, and which resulted in a verdict of guilty on Counts 1, 3 and 4 of the 4-count indictment. No appeal was taken from the judgment of the Tennessee District Court, which imposed a sentence of five years on Count 1, ten years on Count 3 and five years on Count 4, to run concurrently, making a total period of ten years' imprisonment, from which petitioner seeks to be released.
 
 
 6
 Apparently no disposition has been made of the local charge in Noblesville, Indiana.
 
 
 7
 The United States moved to dismiss Mr. Dial's instant petition, filed in the United States District Court for the Southern District of Indiana, on the ground that no motion pursuant to Title 28 U.S.C.A. § 2255, had been filed with the sentencing court. Mr. Dial's petition does not show that the remedy available under Title 28 U.S.C.A. § 2255,[3] is either inadequate or ineffective to test the legality of his detention. Under these circumstances the Indiana District Court properly refused to entertain Mr. Dial's application for writ of habeas corpus. United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; King v. United States, 10 Cir., 1954, 214 F.2d 712.
 
 
 8
 All arguments advanced by Mr. Dial in the lengthy documents filed by him, in the District Court and in this Court, have been carefully considered, but have been found to be without merit. The order of the District Court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 Counsel for the United States state in their brief that an order ofnolle prosequi was entered in Criminal Case No. 8554 on June 27, 1960.
 
 
 [2]
 The offenses are described in the Judgment and Commitment of June 13, 1960, as conspiracy to break in and burglarize the Hollow Rock Post Office [Carroll County, Tennessee] and steal money and blank Postal Money Orders, to defraud the United States [Count 1]; theft and conversion to his own use of certain records, money and things of value of the United States, concealing same with intent to divert them to his own use, knowing the same to have been purloined or converted [Count 3]; forcible breaking into the Hollow Rock Post Office [Carroll County, Tennessee] with intent to commit in such post office, larceny and other depredation [Count 4]
 
 
 [3]
 "A prisoner in custody under sentence of a court * * * claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence * * * or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence
 * * * * *
 "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."