## PINFOLD v. HUNTER, Warden.

### No. 2817.

Circuit Court of Appeals, Tenth Circuit.

Jan. 28, 1944.

Geo. H. McElroy and Alma Bell, both of Oklahoma City, Okl., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (George H. West, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS and BRATTON, Circuit Judges, and VAUGHT, District Judge.

VAUGHT, District Judge.

This is an appeal from a judgment of the United States District Court for the District of Kansas, denying a writ of habeas corpus to the petitioner.

The petitioner was indicted in the United States District Court for the Eastern District of Missouri, March 12, 1943, on two counts for violation of Section 347, Title 18 U.S.C.A. The first count charged petitioner with unlawfully and feloniously forging the name of the payee of a United States postal money order. The second count charged the petitioner with unlawfully and feloniously passing a money order with intent to defraud, with knowledge the endorsement and signature thereon were false and forged.

On March 19, 1943, the petitioner appeared in court in person and was informed by the trial court that he was charged with defrauding the postal authorities of the amount of $18 in a postal money order. The indictment was read to him and he was asked how he desired to plead. The petitioner then entered a plea of guilty to the first count and a plea of not guilty to the second count. He was then asked by the trial judge if he had counsel, to which he replied: "No, I ask to waive counsel." After leaving the courtroom, a deputy marshal stated to petitioner that if he did not plead guilty to the other count, he would get the limit. The petitioner then advised the deputy marshal to advise the court that he wanted to change his plea on the second count. When he was again brought before the court, he changed his plea to the second count from a plea of not guilty to a plea of guilty. Whereupon the court sentenced him to the penitentiary for four years on each count, said sentences to run concurrently. Petitioner was committed to the penitentiary at Leavenworth, Kansas, and, thereafter, on June 23, 1943, filed his petition in the United States District Court for the District of Kansas for a writ of habeas corpus.

In his petition he sets up as grounds for the writ, that he was denied the assistance of counsel, and that prejudicial statements were made by the United States

Attorney at the time the sentence was imposed.

A hearing was had upon the petition and petitioner testified in his own behalf. The court, in his findings of fact, said:

"The Court finds that on the 19th day of March, 1943, the petitioner appearing in the trial court in his own proper person and having been fully advised by the court of his constitutional rights, and with full knowledge of said rights, waived the appointment of counsel and did enter his free, voluntary plea of guilty to the offenses charged in said indictment.

"The Court further finds from the testimony of the petitioner that he was not denied any of his constitutional rights, that he fully knew and understood his right to have the benefit of counsel, that he voluntarily and without being deceived or misled in any way waived his right to counsel.

"The Court further finds that by the testimony and admissions of the petitioner before this court he was and is guilty of the offenses charged in said indictments; and that neither in his petition nor in his testimony has the petitioner stated any lawful grounds which would authorize his release from the custody of the respondent by writ of habeas corpus.

"The Court further finds that the trial court hearing petitioner's original case had jurisdiction of the petitioner and the subject matter for which he was tried, and finds further that each and every count in the indictment lodged against him stated offenses against the laws of the United States."

Upon a review of the record, we approve said findings.

Petitioner admits that he expressly waived counsel, but asserts that he did so without knowledge of his constitutional rights. The judgment recites that petitioner, having been fully advised by the court of his constitutional rights and with full knowledge of such rights, waived the appointment of counsel. Petitioner's evidence at the hearing does not overcome that recital in the judgment.

Petitioner admitted that he received the money order and that it was not issued in his favor, or to any corporation with which he was connected, but to a wholly independent corporation. He admits that, with full knowledge of these facts, he did endorse the money order and delivered it to a hotel proprietor in payment of his hotel charges. His contention is that he was misled in entering his plea of guilty to the second count, and that he supposed by so doing, he would get a lesser sentence than the one he did receive.

Courts cannot be bound by indiscriminate and miscellaneous statements of other persons as to what judgment the court may render. The fact that petitioner may have been led to believe, from such character of statements, that he would receive a lesser sentence, would not be a basis for disproving his guilt, nor that he had not had a fair trial. The burden of establishing that he did not competently and intelligently waive his constitutional right to be represented by counsel rests upon the petitioner. This court has so held in numerous cases.

In Buckner v. Hudspeth, Warden, 10 Cir., 105 F.2d 396, 397, this court said:

"The constitutional right of accused to have the assistance of counsel may be waived. The burden rested upon petitioner to establish that he did not competently and intelligently waive his constitutional right. The determination of whether there has been an intelligent waiver of the right to counsel depends upon the particular facts and circumstances in each case, including the background, experience, and conduct of the accused. Johnson v. Zerbst, 304 U.S. 458, 464, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 [146 A.L.R. 357]. Waiver of the right will ordinarily be implied where the accused appears without counsel and fails to request that counsel be assigned to him."

And, again, in Moore v. Hudspeth, Warden, 10 Cir., 110 F.2d 386, 388, this court held:

"The trial court found that petitioner freely, voluntarily, intelligently, and competently waived his right to the assistance of counsel at the time he entered his pleas of guilty to the indictment. The evidence adduced supports the finding."

The record discloses that the petitioner is fifty years of age, well schooled in the ways of life, and has had a wide and varied experience in business and controversies involving court proceedings, relating to prosecutions for crime. It is apparent that he fully understood his rights when he waived counsel. The lower court so held on his application for habeas corpus

and the findings of fact and conclusions of law were approved by petitioner's attorney who represented him in the hearing.

The contention that prejudicial statements were made by the United States Attorney at the time the sentence was imposed is not sustained by the evidence; on the contrary, the evidence discloses that any such statements so made were substantially true.

The judgment is affirmed.