John Allen STARKS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7779.

United States Court of Appeals Fourth Circuit.

Argued March 9, 1959.

Decided March 17, 1959.

Charles W. Laughlin, Richmond, Va. (Court appointed counsel) for appellant, John Allen Starks, pro se, on brief.

Jackson L. Kiser, Asst. U. S. Atty., Roanoke, Va. (John Strickler, U. S. Atty., and H. Clyde Pearson, Asst. U. S. Atty., Roanoke, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

On June 4, 1956, the defendant entered a plea of guilty to a charge of procuring the interstate transportation of a falsely made bank check in violation of 18 U.S. C.A. § 2314. He received a sentence of 8 years and is now confined in the United States penitentiary at Leavenworth, Kansas. On August 8, 1958, pursuant to 28 U.S.C.A. § 2255, he filed a motion to vacate the sentence on the ground that, while in the custody of officials of the State of South Carolina, but after the issuance of the federal warrant in Virginia, he was questioned by an FBI agent who took his statement. The petitioner also complains that there was a delay of some days in his arraignment after he had been released into federal custody, although it was not claimed that any statement was taken from him during that period. Finally, the petitioner alleges that he was not handed a copy of the indictment at the time of arraignment.

The District Court, upon consideration of the petition, dismissed it without a hearing.

It appears from the petition that the defendant was arrested in South Carolina for a state offense. The petition alleges that, while he was held in the custody of the state officials under the state court charges, he was interviewed by an FBI agent in connection with a wholly unrelated federal offense, for which a warrant had been issued in Virginia. The defendant claims that he confessed to the federal offense after the

FBI agent, in his presence, had inquired of state officials as to the existence of a recidivist statute in South Carolina and after state officials had responded that there was such a statute, and that, if the defendant was first tried and convicted of the federal offense, a subsequent trial and conviction of the state offense, in the light of his prior criminal record, might result in life imprisonment. In light of these considerations, the petitioner alleges that he was induced to confess to the federal offense with the understanding that the federal warrant was to remain unexecuted until after the state charges had been fully tried and disposed of.

It does appear that he was tried and convicted for the state offense and that the previously issued federal warrant was not executed until completion of his service of the state court sentence.

█ Whether the petition alleges that a written statement was actually taken from him is not clear. The record of the proceedings in the court below contains no reference to the existence of any such statement, nor was there any reference to any oral statement by the defendant prior to his arraignment. Since no use was ever made of the statement the defendant claims to have made, and more particularly because, at the time he claims to have made the statement, he was clearly not in federal custody, the rule of Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, which the defendant seeks to invoke, is inapplicable.

█ After the execution of the federal warrant, the defendant claims he was not carried before a United States Commissioner on the date indicated by the record, but was held for some days in Columbia, South Carolina, awaiting the return of the resident United States Commissioner, who was then out of the city. He does not claim, however, that any statement was made by him to any one during this period of detention and, of course, the Mallory rule is inapplicable.

█ The stenographic transcript of the proceedings at the time the defendant's plea was taken clearly shows that he was handed a copy of the indictment, and the charge was explained to him. The District Judge was entirely justified in disposing of this contention without a hearing, for the defendant's claim that he was not handed a copy of the indictment is not only contradicted by the record, but the circumstances were within the knowledge of the District Judge.

Upon appeal to this Court, the defendant's court-appointed counsel for the first time advances the contention that the defendant's constitutional right to counsel was insufficiently explained to him before his guilty plea was accepted. The commitment order and the order of the District Judge dismissing the present petition recite that his constitutional rights were fully explained to him, but the stenographic transcript of the presentence proceedings shows only that the defendant was asked if he had counsel, and, after his response that he did not, he was asked if he wished to have counsel. The defendant again responded that he did not and, thereupon, his plea was requested, and he entered a plea of guilty.

█ So long as the inquiry suggested by the decisions in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, and Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, is not meticulously made by the District Court, or, if made, is not made a part of the record in the case, such contentions as that now made, however groundless, will continue to demand the time and energies of the courts. The fact that the inquiry of the defendant as to his understanding of his constitutional rights prior to his plea is not so searching as is desirable, however, does not always invalidate the proceeding. The defendant who seeks relief under § 2255 must still bear the burden of showing that he did not understand his constitutional rights. The fact that the written record, itself, does not contain an emphatic and direct answer to a

claim that the court's explanation was insufficient opens the door to subsequent collateral attack, but it does not necessarily mean that such collateral attack must be successful. We are entitled to look at the entire record, the nature of the charge, the defendant's circumstances, his experience in court proceedings, and other relevant matters, and, if it then clearly appears, even without a hearing, that the defendant did not lack understanding of his constitutional rights, the petition should be denied.

◼ Here the offense charged was not a complicated one. The indictment is short and direct. It was explained to the defendant, and his reference to the matter in his present petition suggests no possibility of any misunderstanding on his part of the crime of which he was charged and the nature of the offense. The charge does not involve a complicated legal question upon which a defendant would be expected to be in need of legal advice. The only issue was one of simple fact, and the assistance of an attorney was not necessary to enable the defendant to conclude whether or not he had committed the crime with which he was charged.

The defendant's criminal record is not before us, but the record contains references to a number of prior convictions, dating back as far as 1933, and to other charges still pending against him. It is apparent that he is no novice in the criminal courts. Indeed, the defendant, himself, in his petition makes no claim that he did not understand his constitutional rights, for, as indicated, his petition is entirely concerned with other matters.

The defendant was asked if he had counsel and, having none, was asked whether he wished counsel. The second question fairly implies the availability of the assistance of the court in obtaining counsel if he wished it, but the defendant's answer was quick and unequivocal. In the light of all of the foregoing circumstances, we can only conclude that the defendant did understand his constitutional rights and that he was not denied the effective assistance of counsel at the time his plea was taken. Miller v. United States, 4 Cir., 261 F.2d 546; Cundiff v. Nicholson, 4 Cir., 107 F.2d 162; Pinfold v. Hunter, 10 Cir., 140 F.2d 564.

Affirmed.