**Willie Junior RAKES, Appellant.**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 9596.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1965.

Decided Nov. 2, 1965.

Lewis T. Booker, Richmond, Va. (Court-assigned counsel), for appellant.

William C. Breckinridge, Asst. U. S. Atty., for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and BUTZNER, District Judge.

PER CURIAM.

Two convictions of Willie Junior Rakes, in 1957 and 1961, for violations of the illicit whiskey proscriptions of the Internal Revenue Code, 26 U.S.C. § 5601(a) (12), were attacked by him in the District Court in separate motions under 28 U.S.C. § 2255. After a patient hearing and with capable counsel appointed for him, his motions were denied, and properly so, we think.

During the 1957 trial he had withdrawn his plea of not guilty and pleaded guilty to the violation. From the sentence thereon he was conditionally released in 1960, with 14 months unsatisfied. Rearrested soon afterwards for several offenses similar to his 1957 crime,

he was convicted in 1961, again upon a plea of guilty. In both prosecutions he was assisted by his own retained attorneys. The motion questioning the 1961 conviction was filed in September 1962.

This motion was denied in the sentencing court, with affirmance here on appeal, Order No. 8852, January 21, 1963, but upon the authority of the subsequent decision of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), it was returned to the District Court for hearing anew, No. 9318, January 10, 1964 (per curiam). In the interim Rakes had filed a second motion relating only to the 1957 sentence. These are the two motions underlying this appeal.

The point Rakes makes here against the 1961 sentence is that his admission of guilt resulted from a misleading inducement by agents of the Alcohol and Tobacco Tax Unit. In regard to the 1957 conviction, his motion consists of a request for a transcript of the trial to establish his contention that he was denied a fair trial. Rakes alleges that the transcript would disclose three fatal errors during that trial: use of perjured testimony against him; preparation and filing of a false probation report; and prior discussion between the trial judge and ATTU agents as to the sentence he should receive.

The District Court consolidated the motions for hearing on May 1, 1964, after designation of counsel. The protests and prayer of Rakes were separately developed and evaluated. The 1961 plea was not improperly induced, and the 1957 plea was voluntarily entered, the District Court has found. The latter finding thus precludes dependence upon a charge of perjured testimony. The conversation, if it in truth occurred, between the judge and the agents was innocuous. No support was offered of the accusation of falsity in the probation officer's report, presumably the pre-sentence report. None of these findings are shown to be "clearly erroneous".

Affirmed.