Angel Luis CRUZ, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 10488.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 3, 1966.

Decided Oct. 31, 1966.

William L. Pope, Columbia, S. C. (Court-assigned counsel), for appellant.

Thomas P. Simpson, Asst. U. S. Atty. (Terrell L. Glenn, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

Having served his sentence and been released, Angel Cruz, nevertheless, seeks a new trial pursuant to 28 U.S.C. Section 2255 because of his apprehension that unless his conviction and sentence are vacated he will not be able to resume employment as a merchant seaman.[1] At the time he filed his petition, he was in custody. Query: Being now free, is he under a sufficient detriment to be entitled to the statutory relief authorized by 28 U.S.C. Section 2255? See Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960); United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

It is unnecessary to decide this procedural and jurisdictional question,[2] for, on the merits, he is plainly entitled to no relief.

The record supports the district judge's conclusion that Cruz had, at time of trial, a rational understanding and a factual grasp of the proceedings against him. See Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). We think, with the district court, that the petitioner intelligently waived his right to counsel when arraigned and had the requisite mental capacity to do so and to plead guilty.

1. It is represented to us by counsel that the United States Coast Guard will not consider reissuing seaman's papers to Cruz until three years after the date of his plea of guilty on September 15, 1964.

2. Theoreticians may insist we have decided jurisdiction willy-nilly. See Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed. 2d 963 (1960).

784

There was ample compliance with Rule 11. Petitioner's contentions to the contrary were carefully and patiently considered at a plenary hearing wherein all the facts were fully developed. See Cruz v. United States, 247 F.Supp. 835 (D.S.C. 1965). Petitioner's absence at the hearing was with the consent of his counsel. Section 2255 specifically provides that a "court may entertain and determine such motion without requiring the production of the prisoner at the hearing."

The findings contained in the memorandum of decision of the district court are supported by the record, and none of them are clearly erroneous. See Rakes v. United States, 352 F.2d 518 (4th Cir. 1965). The petitioner has not sustained his "burden of showing that he did not understand his constitutional rights." Starks v. United States, 264 F. 2d 797, 799 (4th Cir. 1959).

Affirmed.